CAROLINE FLOYD ET AL. *v.* AARON A. ADLER.

[51 South. 897.]

1. EQUITY. *Property rights. Criminal trespass.*

> Where the object of an equity suit is to settle a disputed question
> of property rights of which the court has jurisdiction, it will
> not decline to grant relief because some of defendant's acts
> amount to a criminal trespass.

2. SAME. *Same. Injunction. Case.*

> Where a carpenter, becoming unable to finish a house which he had
> undertaken to build, surrendered his contract and yielded up the
> possession of the premises on terms agreed upon with the owner,
> he will be enjoined at the suit of the owner to surrender a pos-
> session afterwards wrongfully taken by him and from interfering
> with laborers employed by the owner to complete the building.

From the chancery court of Warren county.

Hon. James Stowers Hicks, Chancellor.

Adler, appellee, was complainant in the court below; Mrs. Floyd and her husband, appellants, were defendants there. From a decree overruling defendant's demurrer to complainant's bill of complaint defendants appealed to the supreme court.

Appellant, Mrs. Floyd, contracted to build a house for appellee, Adler. After partly erecting the building she found herself unable to complete it, surrendered her contract upon terms agreeable to herself and the owner and relinquished possession of the premises. The owner, Adler, took possession and employed laborers to complete the structure. After this Mrs. Floyd, acting by her husband and co-defendant, wrongfully entered upon the premises, forbade Adler's laborers from serving him in completing the building, drove them from the premises, locked the house, and kept the keys.

The object of the suit was to enjoin Mrs. Ford and her husband to surrender the keys and from interfering with Adler in completing his building.

*S. S. Hudson,* for appellants.

Under the chancellor's view of this case, the chancery court is a court of exclusive criminal jurisdiction. The original bill filed in this case has no other purpose than to prevent Floyd and his wife from trespassing on the premises of the unfinished home. This is contrary to all authority. *Creighton v. Dahmer,* 70 Miss. 602, 13 South. 237; *Bottling Co. v. Welch,* 42 Fed. 561; *Lottery Co. v. Fitzpatrick,* 3 Woods, 222; *Saull v. Browne,* L. R. 10 Ch. App. 64; *Turner v. Turner,* 2 Eng. Law & Equity, 130; *Montague v. Dudman,* 2 Ves. Sr. 396; *Holderstaffe v. Saunders,* 6 Mod. 16; *Attorney-General v. Cleaver,* 18 Ves. 211; *In re Sawyer,* 124 U. S. 200; *Emperor of Austria v. Day,* 3 DeGex, F. & J. 217; *Spinning Co. v. Riley,* L.

R. 6 Eq. 551; *Smith v. Pettingill,* 40 Am. Dec. 667; *Jerome v. Ross,* 7 Johns. Ch. 315, 11 Am. Dec. 484; *Titus v. Washburn,* 9 Vt. 211; *Ader v. Bullen Bridge Co.,* 95 Am. St. Rep. 180; *Phillips v. Stone Mountain,* 61 Ga. 386; *Life Association v. Boogher,* 30 Mo. App. 173; *Davis v. American Society,* 6 Daly, 81; *National, etc., R. Co. v. Central R. Co.,* 32 N. J. Eq. 755; 1 High on Injunctions (4th ed.) par. 699; *Mechanics Foundry of San Francisco v. Ryall,* 17 Pac. 703.

*Henry, Fox & Canizaro,* for appellee.

Floyd's act was a trespass upon the rights of Adler, and therefore a civil wrong for which the laws provide a remedy. It was a wilful trespass, and therefore a crime under Code 1906, § 1318; an offense against the body politic.

The trespass of Floyd had therefore a double aspect; and we think because of its twofold character learned counsel for appellants has fallen into error. He loses sight of its character as a wrong done to Adler as an individual. We freely confess the contention made that an injunction will not lie to restrain a threatened crime. But we are not restraining a crime in this instance. We are restraining a threatened tort against the property rights of Adler. It merely happens that Floyd cannot commit this tort in violation of the injunction, without also committing a misdemeanor under our law. *Creighton v. Dahmer,* 70 Miss. 602, 13 South. 237, 35 Am. St. Rep. 666, 21 L. R. A. 84; 22 Cyc. 902; *In re Debs,* 158 U. S. 564, 39 L. Ed. 1092; *Irwin v. Lewis,* 50 Miss. 363; *Coulson v. Harris,* 43 Miss. 728, 752; *Warren Mills v. New Orleans Seed Co.,* 65 Miss. 390, — South. 390, 7 Am. St. Rep. 671; *Munday v. Terrell,* 87 Miss. 282, 39 South. 477.

MAYES, J., delivered the opinion of the court.

The allegations of the bill make a case for the equity court, and it is our judgment that the demurrer was properly over-

ruled. The object of the suit is to settle disputed questions of property right, having no aspect towards enjoining the commission of crime or restraining threatened criminal proceedings, as was the case in *Creighton v. Dahmer,* 70 Miss. 602, 13 South. 237, 21 L. R. A. 84, 35 Am. St. Rep. 666, and *Pleasants v. Smith,* 90 Miss. 440, 43 South. 475, 9 L. R. A. (N. S.) 773, 122 Am. St. Rep. 773. It is true that appellants may be guilty of a criminal trespass if some of the allegations of the bill are sustained; but this fact is not made the basis of any relief sought at the hands of the equity court, but is a mere incident. The real purpose of the bill is to obtain possession of the building in question, by compelling a surrender of the keys thereto, and additionally to prohibit appellants from interfering in any way with the completion and use of same by appellee.

As the case now stands, the decree must be affirmed and the cause remanded.                                    *Affirmed.*