JOHN L. CURLEY and Another, as Executors of JAMES SHEWAN, Deceased, and Others, Plaintiffs, *v.* EDWARD MOORE, JR., and Others, Defendants.*

Supreme Court, New York County, January, 1927.

*Affd., without opinion, 228 App. Div. 612; 253 N. Y. 613.

*Foley & Martin* [*Patrick J. Dobson* and *William J. Martin* of counsel], for the plaintiffs.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel], for the defendants.

CHURCHILL, J. The agreement provided that "the income tax of the corporation for the fiscal year commencing April 1, 1917, and ending March 31, 1918, will be apportioned, and the trustees will pay to the parties of the second part the *pro rata* amount of said income tax for the period from April 1, 1917, to February 8, 1918." The only possible construction of this language is that the tax should be prorated in proportion to the length of the respective periods into which the fiscal year was divided by the terms of the agreement. There is nothing either in the agreement or in the other evidence to suggest any other intention. It happened that the tax for the fiscal year was affected by legislation passed after the agreement was made. But that is immaterial. The agreement was to pay a proportionate part of the tax. So long as the imposition of the tax was lawful it cannot matter from what particular source the authority to impose it was derived. The only question in the case is whether the words " income tax " in the agreement should be understood to include the war excess profits tax imposed by the act of 1918. The question is not whether the income tax and the excess profits tax may be differentiated on economic or constitutional grounds. The material question is what the language of the agreement meant in the circumstances under which it was used. The natural meaning of the words " income tax " is broad enough to include the excess profits tax, for that was a tax on income. Such a tax was included in the act of 1917, in force when the agreement was made. No construction of the agreement could be justified which would exclude that tax from the operation of the covenant to pay the income tax. So I think the covenant must equally apply to the substantially similar taxes imposed by the

act of 1918, notwithstanding changes in rates and other details. A verdict is accordingly directed for plaintiffs for $32,957.94, with interest on $25,893.48 thereof from September 12, 1918, and on $7,064.46 thereof from June 16, 1919, against all the defendants except the defendant Walter Thompson, and an exception is allowed to such defendants.