Moss, Judge,
delivered the opinion of the court:
Plaintiff, Edw,in N. Chapman, throughout the year 1917 was a member of the stock and bond brokerage firm of Chis *249 holm & Chapman. He had no net income for that year, and paid no income tax. He did, however, show on the face of his tax return for that year a liability for an excess-profits tax amounting to $864.00, which was paid.
In the belief that said tax was erroneously paid, plaintiff filed a claim for a refund of that amount, which claim was rejected by the Commissioner of Internal Revenue. This suit is brought for the recovery of same.
The excess-profits tax arises under the revenue act of 1917, 40 Stat. 302-305, the pertinent provisions of which are as follows:
Section 200 provides in part:
“ The terms £ trade ’ and ‘ business ’ include professions and occupations.”
Section 201, in so far as applicable:
“ That in addition to the taxes under existing law and under this act there shall be levied, assessed, collected, and paid for each taxable year upon the income of every corporation, partnership, or individual, a tax (hereinafter in this title referred to as the tax) equal to the following percentages of the net income:
Ht ^ ❖ ❖ H*
“ For the purpose of this title every corporation or partnership not exempt under the provisions of this section shall be deemed to be engaged in business, and all the trades and businesses in wlfich it is engaged shall be treated as a single trade or business, and all its income from whatever source derived shall be deemed to be received from such trade or business.
“ This title shall apply to all trades or businesses of whatever description, whether continuously carried on or not, except — [certain exceptions not here applicable] * *
Section 203 provides ,in part:
“ That for the purposes of this title the deduction will be as follows, except as otherwise in this title provided—
Hi ^ ❖ * Hi ❖
“(b) In the case of a domestic partnership or of a citizen or resident of the United States, the sum of (1) an amount equal to the same percentage of the invested capital for the taxable year which, the average amount of the annual net .income of the trade or business during the pre-war period *250 was of the invested capital for the pre-war period (but not less than seven or more than nine per centum of the invested capital for the taxable year), and (2) $6,000; ”
5^ # # ‡ ❖
Section 206, second paragraph:
“ The net income of a partnership or individual shall be ascertained and returned for the calendar years nineteen hundred and eleven, nineteen hundred and twelve, and nineteen hundred and thirteen, and for the taxable year, upon the same basis and in the same manner as provided ,in Title I of such act of September eighth, nineteen hundred and sixteen, as amended by this act, except that the credits allowed by subdivision (&) of section five of such act shall be deducted * *
Section 209:
“ That in the case of a trade or business having no invested capital or not more than a nominal capital there shall be levied, assessed, collected, and paid, in addition to the taxes under existing law and under this act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deductions: In the case of a domestic corporation, $3,000; and in the case of a domestic partnership or a citizen or resident of the United States, $6,000; in the case of all other trades or business, no deduction.”
Plaintiff’s firm had no invested capital, and the deduction provided for in section 209 of said act, amounting to $6,000, is applicable to plaintiff’s case.
The amount of the excess-profits tax returned and paid in this case was arrived at in the following manner: By agreement between the partners each member thereof drew as salary a certain amount monthly. In the event of profits in excess of the total of such amounts, such profits were to remain in the business, and at the expiration of each six months period during the year 1917 the personal accounts of each partner were to be credited or_ debited with his proportion of the firm’s profits or losses, as the case might be. The total suim drawn by the plaintiff as salary under the above plan amounted to $16,800, and the tax paid herein was computed at 8 per cent on $10,800, which is the difference be-’ *251 tween the specific statutory excess-profits tax exemption of $6,000 and the total amount of salaries drawn for that year.
It is plaintiff’s contention that he was entitled to deduct from his 1917 salary his losses sustained on account of certain transactions not a part of the business of the partnership, under the authority of section 206 above quoted, which provides that “ the net income of a partnership or individuals shall be ascertained.and returned * * * upon the same basis and in the same manner as provided in Title I of such act of September 8, 1916, as amended by this act * * This is the statutory provision for computing net income for income-tax purposes. Under plaintiff’s theory all losses deductible in computing net income for income-tax purposes would also be deductible in arriving at the net income for the excess-profits tax. This theory is clearly erroneous. The excess-profits statute was an emergency war measure, and the tax was “in addition to the taxes under existing law * * It was a tax on the proceeds of the “ trade or business,” and plaintiff’s business for the taxable year 1917 was the stock and bond brokerage business of the firm of Chisholm & Chapman. His losses were sustained on account of the liquidation of the predecessor partnership of the same name, Chisholm & Chapman; interest on personal indebtedness; and taxes paid in 1917, and the sum of these losses, deducted from his gross income, reduced plaintiff’s net income for income taxes to a nontaxable basis; but there were no losses for the year 1917 in the “ trade or business ” in which plaintiff was engaged. The court is of the opinion, for the reasons herein stated, that plaintiff is not entitled to recover. And it is so ordered.
GRAham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
Hat, Judge, absent.