NOTGRASS DRUG Co. *et al. v.* STATE *ex rel.* RICE, ATTY.-GEN.

(Division A.   Feb. 17, 1936.)

[165 So. 884.   No. 32035.]

L. Barrett Jones and L. F. Easterling, both of Jackson, for appellants.

**J. A. Lauderdale,** Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

The appellant is a retail merchant, and the question here presented is its liability vel non for the sales tax imposed by section 2-c, chapter 119, Laws 1934, the constitutional validity of which is challenged. This question would seem to be determined contrary to the appellant's contention by the case of Southern Package Corporation v. State Tax Commission (Miss.), 164 So. 45.

The appellant says, however, that case is not here controlling, for the reason that it arose under section 2-b of the statute, and involved only the liability of a manufacturer, and that the statute may be constitutionally valid as to a manufacturer, but invalid as to a retail merchant. We will not pause to inquire whether this is true.

The grounds of challenge, in addition to those disposed of by the case just cited, are: (a) That the tax is, in

effect, a tax on purchasers, for the reason that the seller has the right to pass the tax on to the purchaser when making a sale; (b) that it constitutes a double taxation on the same property; and (c) that it discriminates arbitrarily between persons engaged in the sale of commodities.

■ It is unnecessary for us to inquire whether the Legislature may impose a tax in the nature of an excise or privilege on purchasers of a commodity, for the reason that the mere fact that the seller of a commodity may pass a tax on to a purchaser thereof has been too long and universally practiced to be now said to be unlawful. Such is the practical operation of all taxes imposed on a business or property used therein, and is one of the expenses of a business for which each person engaged therein must reimburse himself in order to continue in business.

■ The dealers here taxed also pay an ad valorem tax on the property used by them in their business, and a privilege tax for engaging therein, nevertheless the imposition of this tax is not within the rule, whatever that rule may be, against double taxation. To impose these several taxes has long been a Legislative custom, and is generally held to be unexceptionable.

■ The classifications and exemptions in the statute here complained of are:

Wholesale and retail dealers are separately classified, and the tax imposed on retailers is more than that imposed on wholesalers. A retailer, when selling his stock in bulk, is classified as a wholesaler. A dealer who sells on credit is required to report such sales, and pay the tax thereon only when the deferred payment is collected.

The sale of school books when the price therefor "is fixed by state contract," of fertilizers, seeds, and boxes and crates used in preparing agricultural products for market, are exempt from the tax.

This tax is not on property, and therefore not within

the provisions of section 112 of the Constitution, and its levy is within the Legislature's constitutional power. Southern Package Corporation v. State Tax Commission, supra.

But the appellant says that the classifications and exemptions here provided violate the due process clause of the State Constitution (section 14), and the equality and due process clauses of the Fourteenth Amendment to the Federal Constitution.

"The principles which govern the decision of this cause are well settled. The power of taxation is fundamental to the very existence of the government of the states. The restriction that it shall not be so exercised as to deny to any the equal protection of the laws does not compel the adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subjects, or the classification for taxation of properties, businesses, trades, callings, or occupations. . . . The fact that a statute discriminates in favor of a certain class does not make it arbitrary, if the discrimination is founded upon a reasonable distinction, . . . or if any state of facts reasonably can be conceived to sustain it. . . . It is not the function of this court in cases like the present to consider the propriety or justness of the tax, to seek for the motives, or to criticize the public policy which prompted the adoption of the legislation. Our duty is to sustain the classification adopted by the Legislature if there are substantial differences between the occupations separately classified. Such differences need not be great." State Board of Tax Commissioners of Indiana v. Lafayette A. Jackson. 283 U. S. 527, 51 S. Ct. 540, 543, 75 L. Ed. 1248, 73 A. L. R. 1464.

In imposing the tax here under consideration, the Legislature has the right to classify persons and commodities subject thereto. "In its discretion it may tax all, or it may tax one or some, taking care to accord to all in the same class equality of rights." It may tax dealers who

sell at wholesale, and not those who sell the same commodities at retail, or it may tax dealers who sell the same commodities, and not tax those selling other and different commodities. Southwestern Oil Co. v. Texas, 217 U. S. 114, 30 S. Ct. 496, 498, 54 L. Ed. 688, and Cook v. Marshall County, 196 U. S. 261, 25 S. Ct. 233, 49 L. Ed. 471.

It may be that the difference between wholesalers and retailers, in this connection, is not great, and is not apparent on the surface; nevertheless that court which ultimately determines the power of the Legislature in this connection has said that the classification can be made, and our legislative history discloses that it is the custom of Legislatures to make such. Chapter 119, Laws 1934, contains nine such classifications. From this it follows that placing a retailer when selling his stock in bulk in the same category with a wholesaler, which he then is in fact, is unexceptionable.

That this tax is on income from sales, consequently imposing it, when the sale is on credit, only when the purchaser pays therefor, works no discrimination against dealers who sell strictly for cash.

The exemption of school books and agricultural products and articles used in preparing them for market appears to rest upon reasonable and sound bases when we remember that the state's prime duty, the purpose for which it exists, is to promote the peace, prosperity, and happiness of its citizens. The price at which a dealer may sell school books is not only fixed by law, but to exempt sales thereof from taxation tends to promote such sales, thereby encouraging the purchase of school books for the purpose of education, the promotion of which is especially enjoined upon the Legislature by section 201 of the Constitution.

The prosperity of every citizen of this state rests largely upon agriculture. To encourage and promote it enhances the welfare of all, and the exemption of such products and articles used in preparing them for market

from the tax here is not only reasonable, but may be an imperative necessity in order not to discourage the production thereof. Cf. paragraph (i), section 3108, Code 1930.

The court below committed no error in overruling the demurrer to the bill, and its decree will be affirmed, and the cause will be remanded, with leave to answer the bill within thirty days from the filing of the mandate in the court below.

Affirmed and remanded.