STATE EX REL. RICE, ATTY.-GEN., *v.* ALLEN *et al.*

(Division A. Jan. 3,. 1938. Suggestion of Error Overruled Jan. 31, 1938.)

[177 So. 763. No. 33015.]

John F. Frierson, of Columbus, for appellants.

J. M. Thomas, of Tupelo, and J. A. Lauderdale, Assistant Attorney-General, for appellant.

W. C. Sweat, of Corinth, for appellees.

**Clark & Clark,** of Iuka, for appellees.

Argued orally by **J. M. Thomas** and **J. A. Lauderdale**, for appellant, and by **W. C. Sweat**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to, and dismissing, an original bill of complaint. Section 2-c, chapter 119, Laws of 1934, imposes a sales tax on persons engaged in the business of selling tangible property equivalent to 2 per cent. on the gross proceeds of the business. Other sections provide for the report of sales, the tax due thereon, and the payment thereof to the State Tax Commission. This statute was held to be constitutionally valid in Notgrass Drug Company v. State, 175 Miss. 358, 165 So. 884, though, admittedly, a

seller thereunder has the right to pass the tax onto purchasers by including it in the price of the property sold. Section 1 of chapter 155, Laws 1936, provides: ''That any person, firm, or corporation who is engaging or continuing within this state in the business of selling any tangible property, and who is liable for a privilege tax assessed and levied by section 2-c of chapter 119, laws of Mississippi, 1934, on account of the sale of such property, shall add the amount of such tax due by him to the sales price of said property and shall collect the amount of said tax due by him to the state under the provisions of said statute from the purchaser of said property at the time the sales price is collected, and in addition thereto.'' Section 4 makes a violation of this statute a criminal offense, punishable by a fine of not less than $50 nor more than $100.

According to the allegations of the bill of complaint, the appellees are copartners engaged in the retail mercantile business, and were so engaged during the year 1936. They have systematically failed and refused to obey chapter 119, Laws of 1934, though often requested so to do, and intend to continue to so refuse. It is necessary for chapter 155, Laws of 1936, to be obeyed by sellers of property in order for the State Tax Commission to efficiently collect this tax, and also to cause its burden to be equally distributed. The failure in 1936 of the appellees to obey this statute necessitated an audit of their books of account by the State Tax Commission in order for it to ascertain the amount of the tax they owed on sales made during that year.

The prayer of the bill is for a preliminary mandatory injunction requiring the appellees to obey the provisions of chapter 155, Laws 1936, and that on final hearing the injunction be made perpetual.

No fiat for the issuance of this preliminary injunction was obtained at or before the filing of the bill, but, after it was filed, pursuant to a request therein, the chancellor appointed a day for hearing the prayer for an injunction,

and caused notice thereof to be served on the appellees. On the appointed day, counsel for all parties appeared, and the appellees filed a demurrer to the bill of complaint, challenging its sufficiency on a number of grounds. The court heard the demurrer, ordered that it be sustained, and the appellant declining to plead further, rendered a final decree dismissing the bill of complaint. What took place then was not merely a determination by the chancellor as to whether a preliminary injunction should be granted, but a hearing of the case on its merits, and the rendition of a final decree. While all this took place in vacation, all parties evidently agreed thereto, at least, no complaint thereof is here made, and we will deal with the case as one decided by the chancellor under his vacation powers.

The appellees seek to justify the decree on two grounds, first, the statute is constitutionally invalid, and, second, the allegations of the bill of complaint present no ground for the issuance of an injunction. The conclusion we have reached as to the second necessitates the decision of both.

Chapter 155, Laws 1936, is alleged to be constitutionally invalid for the reason that it violates the provisions of the State Constitution, section 14, and the Fourteenth Amendment to the Federal Constitution, that no person shall be deprived of life, liberty, or property without due process of law, in that it requires sellers of property "to collect the taxes from their customers without any remuneration therefor" instead of requiring the collection to be made through the regular tax collecting officers.

A provision in a sales tax statute requiring dealers to collect the tax from their purchasers is in general use. 47 Harvard Law Review 868. The constitutional validity thereof seems logically to follow from Notgrass Drug Co. v. State, supra, and that such a requirement does not violate due process of law has been expressly decided by the Supreme Court of the United States in Pierce Oil Corporation v. Hopkins, 264 U. S. 137, 44 S. Ct. 251, 68 L. Ed. 593, and Monamotor Oil Co. v. John-

son, 292 U. S. 86, 54 S. Ct. 575, 78 L. Ed. 1141. See, also, Heriot v. Pensacola, 108 Fla. 480, 146 So. 654; Rainier National Park Co. v. Martin, D. C., 18 F. Supp. 481; Johnson v. Diefendorf, 56 Idaho 620, 57 P. (2d) 1068; Fox v. Frank, 52 Ohio App. 483, 3 N. E. (2d) 996; Morrow v. Henneford, 182 Wash. 625, 47 P. (2d) 1016; Texas Co. v. State, 31 Ariz. 485, 254 P. 1060, 1062, 53 A. L. R. 258; Standard Oil Co. v. Brodie, 153 Ark. 114, 239 S. W. 753. Cf. In re Opinion of the Justices, N. H., 190 A. 801.

This brings us to the right of the appellant to the requested injunction. The appellees' objections to the granting of this injunction, in substance, are: (1) An injunction will not lie to restrain the commission of a crime; and (2) the bill of complaint does not disclose (a) any right of the appellant which Equity will protect by an injunction, and, if mistaken in this, (b) no threatened injury to such a right is disclosed; (3) a preliminary mandatory injunction should not be granted except in cases of extreme necessity.

1. "Though equitable action is never predicated on the prevention of crime, as such, it is also true that the fact that conduct is punishable criminally does not constitute an adequate remedy so as to bar equitable relief." Section 1009, Lawrence on Equity Jurisprudence; Floyd v. Adler, 96 Miss. 544, 51 So. 897; Crighton v. Dahmer, 70 Miss. 602, 13 So. 237, 21 L. R. A. 84, 35 Am. St. Rep. 666; Pleasants v. Smith, 90 Miss. 440, 43 So. 475, 9 L. R. A. (N. S.), 773, 775, 122 Am. St. Rep. 317.

2. The appellees are engaged daily in making sales of merchandise on each of which arises a tax payable to the appellant at a fixed time thereafter. According to the allegations of the bill of complaint, the efficiency of the appellant's tax collector in ascertaining and collecting the tax is being impaired by the failure of the appellees to obey the statute. The appellant being without an adequate remedy at law therefor, a ground for relief by injunction is thereby presented.

3. It is true that a preliminary mandatory injunction

should not be granted except in cases of extreme necessity, but no preliminary injunction was here granted. What the court below did, as hereinbefore set forth, was to try the case on its merits, resulting not merely in the refusal to grant a preliminary injunction, but in the dismissal of the appellant's bill of complaint.

The decree of the court below will be reversed; the demurrer will be overruled, and leave given to the appellees to answer the bill of complaint, if they so desire, within thirty days after the filing of the mandate in the court below.

So ordered.