HESTER, SHERIFF, *v.* COPIAH COUNTY.

(Division A.   Oct. 23, 1939.)

[191 So. 496.   No. 33830.]

**W. S. Henley,** of Hazlehurst, for appellant.

M. S. McNeil, of Hazlehurst, for appellee.

Argued orally by W. S. Henley, for appellant, and M. S. McNeil, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant exhibited his petition in the circuit court praying that he be allowed, for the year 1938, the fees specified in Section 1804, Code 1930, which section provides in certain respects an increased compensation "in all counties in this state now having or which may hereafter attain a population of 32,000 or over." Petitioner averred and offered evidence to prove that the population of the county had increased to more than 32,000.

The county defended on the ground, among others, that the federal census of 1930 showed for that county a population of 31,614 and relied on Brown v. Reeves, 129 Miss. 755, 92 So. 825, which holds that, unless otherwise definitely expressed in the particular legislative enactment, the current federal census is the exclusive evidence of the population of the state, county, city, town, township and village. The trial judge ruled that the case is governed by Brown v. Reeves, supra, and disallowed the petition.

Appellant urges that the difference in the language in the statute which was considered in the cited case as against the language of the statute now before us, will allow a distinction. The language of the statute dealt with in Brown v. Reeves was as follows: "In counties having more than forty thousand inhabitants," etc.

Except as to retrospective enactments clearly expressed as such, and except as to those wherein the terms are precise to the effect that their operation is confined to a state of presently existing facts, all statutes are prospective and operate upon the future,—which is to say, they apply to facts as and when the facts come into existence, and in the future as regards the date of the passage of the statute. There is, therefore, no substantial difference in legal meaning, so far as future developments are concerned, between an enactment which recites that it shall apply to counties "having a population" etc.

and one which recites that it shall apply to counties "now having or which may hereafter attain a population," etc.

Responding to the point that there has been no final judgment, we think the recitals thereof are equivalent to a dismissal without prejudice.

Affirmed.