COMPRESS OF UNION v. STONE, CHAIRMAN OF TAX COMMISSION.

(Division A. Jan. 29, 1940. Suggestion of Error Overruled April 8, 1940.)

[193 So. 329. No. 34011.]

Flowers, Brown & Hester, **F. W. Bradshaw,** and **Robert Burns, Jr.,** all of Jackson, for appellant.

52

54

**J. A. Lauderdale**, Assistant Attorney-General, for the appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant is engaged in compressing cotton. The Commodity Credit Corporation is a Federal Agency; its entire stock is owned by the Federal Government. It had a large amount of cotton compressed by appellant for which service it paid appellant the sum of $41,025. Claiming authority so to do under Chapter 119 of the Laws of 1934, and amendments thereto, Chapter 222 of the Laws of 1934, and Chapter 158 of the Laws of 1936, the State Tax Commission levied and collected from appellant two per cent on said amount, aggregating $820.-51. Appellant paid the tax under protest and brought suit against the tax commission to recover it back. The case is here on declaration, exhibits thereto, and demurrer. The trial court sustained the demurrer and dismissed the cause. From that judgment, this appeal is prosecuted.

The questions are: (1) Whether under the provision of Section 2-h, Chapter 119 of the Laws of 1934, as amended by Chapter 222 of the Laws of 1934, appellant was authorized to deduct from its gross income the said amount so paid it by the Commodity Credit Corporation; and (2) if that question is to be answered in the negative, whether the statute violates the Federal Constitution in that it is a tax on one of its governmental agencies. The statute in plain terms taxes such income unless it is excepted by the amendment, Chapter 222, Laws of 1934, which is in this language: "Sec. 2-h. In computing the amount of tax levied under this act, there shall be excepted from the gross income of the business, or gross proceeds of sale, as the case may be, so much thereof as is derived from sales to the United States government or the state of Mississippi, its departments and institutions, and upon the business of transporting gravel when consigned to a county, municipality, or sub-division thereof, and used for road construction or maintenance, or from business which the state of Mississippi is prohibited from taxing under the constitution of this state or the constitution of the United States." We are of the opinion that the language "derived from sales to the United States government or the state of Mississippi, its departments and institutions" qualifies what goes before. In other words, it is only income from sales to the government that is to be deducted.

It is not a tax on a federal governmental agency, but a tax on income derived from such an agency; that is permissible under the federal constitution. An income tax on rents and profits from land is not a tax on the land. New York ex rel. Cohn v. Graves, 300 U. S. 308, 57 S. Ct. 466, 81 L. Ed. 666, 108 A. L. R. 721. A tax on interest received from bonds is not a tax on the bonds. Hale v. Iowa State Board of Assessment and Review, 302 U. S. 95, 58 S. Ct. 102, 82 L. Ed. 72. A tax on the gross income of the proceeds of a lease is not a tax on

the lease. A federal income tax on compensation received by a state employee is not a tax on the state. Helvering v. Gerhardt, 304 U. S. 405, 58 S. Ct. 969, 82 L. Ed. 1427. "An occupation tax measure by gross income is not invalid where imposed by a state upon a contractor with the United States as laying a direct burden on the Federal government, even though the imposition of the tax may increase the cost to the government of the work contracted to be done." James v. Dravo Contracting Co., 302 U. S. 134, 58 S. Ct. 208, 82 L. Ed. 155, 157, 114 A. L. R. 318. There is no provision of the statute authorizing the tax on income derived from services to be passed on to the consumer. In the James case, the Supreme Court of the United States reviewed several previous decisions of that Court qualifying and limiting their language.

Affirmed.