## Tri-State Transit Co. of Louisiana *v.* Stone, Chairman State Tax Commission.

(In Banc.   Dec. 20, 1943.   Suggestion of Error Sustained and Decree Affirmed Feb. 14, 1944.)

[16 So. (2d) 35, 16 So. (2d) 782.  No. 35459.]

Stevens & Stevens, of Jackson, for appellant.

28

**Greek L. Rice,** Attorney-General, by **Jefferson Davis,** Assistant Attorney-General, for appellees.

Stevens & Stevens, of Jackson, for appellant, on suggestion of error.

32

Greek L. Rice, Attorney-General, by **W. B. Fontaine,** Assistant Attorney General, for appellee, on suggestion of error.

34

J. H. Sumrall, of Jackson, for appellee, on suggestion of error.

Argued orally by **J. M. Stevens, Sr.**, for appellant, and by **Jefferson Davis**, for appellee.

**Alexander, J.**, delivered the opinion of the court originally.

Appellant filed its petition to revise its income tax return for the year 1941 so as to claim deduction for excess profits taxes paid to the Federal Government during that period. The petition was denied by the Commissioner and upon appeal to the State Tax Commission the former ruling was upheld. This action was reaffirmed upon appeal to the Chancery Court. Sections 29, 30, Chapter 120, Laws of 1934. Our attention has been focused upon Section 8 of this Act which is as follows: "In computing the net income there shall be allowed as deductions: (1) . . . (2) . . . (3) Taxes, other than income taxes imposed by any authority, paid or accrued within the taxable year." At the time the Act was passed, there was no excess profits tax in force.

In the order of the Commissioner denying the right to amend the return and allow the deduction, his action was sought to be justified by the holding that such taxes

were "Taxes measured by income." Whether the use of this language was an instinctive recognition of a necessity to broaden the connotation of income taxes or was consciously adroit, we need not ponder. It is apparent that the decision, by its own construction, assumed a premise which, if sound, would furnish a staunch basis for its conclusions.

Had our statute in fact allowed as deductions all taxes except those "measured by income," it would have excluded by this phrase alone not only income taxes properly so called but also such excise taxes as estate taxes, gift taxes, sales taxes and all those privilege taxes which are so admeasured. Among the latter are those upon contractors, cotton compresses, ferries, insurance companies, railroads, certain public utilities, and tobacco. Had it excepted all "excise taxes," it would have been similarly broad, yet it is extremely doubtful if even such designation would have included "income taxes."

That a tax is computed upon income does not constitute it an income tax any more than the fact that an inheritance tax computed upon property makes of it a property tax. See Enochs v. State, 133 Miss. 107, 97 So. 534. Indeed the legislature has appropriated the name "income tax" as designating a well understood excision from net income. They have preempted the phrase as a technical term and given it a popular connotation. It is differentiated from other forms of direct and excise taxes by its purpose and its permanence, by the occasion for its imposition, by its incidents and its incidence, and particularly by its name. It is not sufficient that an excess or war profits tax is likewise measured by income. It is not computed alone on the factor of the current year's income. It had a distinct purpose and occasion; its incidence is upon corporations alone; it is a war measure with a limited life expectancy. Income taxes, properly so called, have been enacted since the Civil War. Excess profits taxes were first imposed in 1917, and later repealed. The present enactment was made in 1942. It has

a distinctive designation—one which is invariably used in federal statutes to distinguish it from what are known as income taxes. The federal statute does not confound them but lists its exceptions as income taxes, excess profits taxes, estate taxes, inheritance taxes, succession taxes and gift taxes. To the state's challenge that, "if an excess profits tax is not an income tax what is it?" counsel make the apt and laconic reply that it is an excess profits tax. While it is true that a corporation is never liable for an excess profits tax unless it is liable for an income tax, the reverse does not obtain. A return for income tax does not reveal liability for excess profits tax, nor will the filing of a return for the former set in motion the statute of limitation against liability for the latter. Beam v. Hamilton, 6 Cir., 289 F. 9; Rockland & Rockport Lime Corporation v. Ham (D. C.), 38 F. (2d) 239; United States v. Updike (D. C.), 1 F. (2d) 550.

In Curley v. Moore, 137 Misc. 312, 244 N. Y. S. 580, cited by appellee, a private agreement to apportion income taxes was held to have intended to include excess profits taxes. In addition to the circumstances that a private contract was being construed, the court called attention to the fact that at the time of the contract an excess profits tax was in force. The case is not helpful.

The excess profits tax has been designated as one imposed "in addition to other taxes." Chapman v. United States, 64 Ct. Cl. 247. It has been described as a "separate, distinct, and then novel source of revenue." Beam v. Hamilton, supra [289 F. 12], wherein it was pointed out that a "distinction between ordinary income taxes and excess profits taxes was clearly recognized." In La Belle Iron Works v. United States, 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998, they are referred to as "special taxation." This tax was in its essentials an emergency measure primarily to conscript for war purposes the excess profits of corporations engaged in supplying the tools of war. In no unreal sense, it fixes a ceiling upon unusual war profits. Let it be assumed that the

proposal to limit individual income to $25,000 had become statutory. Could it be supposed that a taxpayer whose net salary was $50,000 would be liable for an income tax computed on the latter figure? After a cessation of hostilities, the excess profits tax will unquestionably by its terms and purpose be discontinued. But the income tax as a permanent source of governmental revenue will undoubtedly remain. Income taxes fall upon individuals, associations, partnerships, corporations, estates and trusts. If the earnings of corporations do not exceed a certain previously ascertained figure, they are not liable for an excess profits tax. They regularly pay a tax upon their income, while under the latter tax they in a rather literal sense pay the income.

It would seem as logical to identify all estate taxes with inheritance taxes. Indeed our statute does so, but by express terms. Yet even they are not necessarily identical. Turner v. Cole, 118 N. J. Eq. 497, 179 A. 113; 28 Am. Jur., p. 10. Nomenclature cannot be ignored when terms have been given a technical meaning by popular usage.

Diversities of definition are apt to follow when the tax is analyzed solely by legalistic tests. For example, in Washington Mutual Savings Bank v. Chase, 157 Wash. 351, 290 P. 697, 71 A. L. R. 232, a tax "according to or measured by" the net income of corporations, although denominated by the statute a privilege tax, was held to be in effect an income tax. On the other hand, in Evans v. McCabe, 164 Tenn. 672, 52 S. W. (2d) 159, 617, a tax calculated upon a percentage basis of the income derived from stocks and bonds and designated in the statute as an income tax was held not to be an income tax. It should not be questioned that under our statute the tax in the former case, although construed as an income tax, would be an allowable deduction, while in the latter case the tax, although held not to be an income tax, would not be deductible. In both cases the courts in making detours around constitutional barriers collided with popular no-

tions. As an example of restricted application, income from estates has been held not liable for an "income tax." Gavit v. Irwin (D. C.), 275 F. 643, 648. Under the Act of Oct. 3, 1913, 38 St. L. 166, c. 16.

Nor may we risk violence to legislative intent by defining alike all terms which fall within general categories. Under the all inclusive word "taxes," there may be found the genus excise taxes under which there are several species, for example, privilege, income, estate and gift or social security taxes. Estate or inheritance taxes have been held to be taxes upon a privilege. Enochs v. State, 133 Miss. 107, 97 So. 534. Yet they are not mentioned in our privilege tax code. Legacies are gifts but an "estate tax" is not a "gift tax." All capitation taxes are poll taxes, yet a "poll tax," as is here generally understood and technically so referred to, means a particular form of tax for a special purpose. Used loosely, a municipal street tax is a poll tax. Indeed, in City of Faribault v. Misener, 20 Minn. 396, a commutable highway or road tax is so designated. Yet, in our local glossary of terms, the two have achieved a distinct import.

The two forms of taxation here involved are set forth in separate chapters, always separately referred to and are administered separately, each pursuant to distinct regulations. By Section 227 of the Act of October 21, 1942, 26 U. S. C. A., Int. Rev. Code, sec. 734, Section 734 of the Internal Revenue Code, as amended, was amended so as, for certain purposes, to include within the definition of "income taxes" all excess profit taxes. (See 56 Statutes at Large, p. 921). This amendment first appeared in the Act of March 7, 1941, sec. 11, 55 Stat. 27. While such a provision, if included in our statute, would have settled the matter, it was not done, and it is significant that this declaration was deemed necessary by the Congress for its particular purposes. Nor may this recognized necessity inure to the appellee's advantage since this provision was not only enacted long after our

statute but also in positive recognition of its non-inclusion in the absence of such arbitrary enactment.

However, the point need not be belabored. The foregoing discussion has been extended merely to indicate. typical bases of differentiation which have been generally recognized. While we have sought to rivet upon the impartial mind the conviction that the original, technical and popular implications of the term coincide, we should not and do not ignore relevant conventional aids to construction. The legislature did not in terms exclude excess profits from the allowable deduction of all "taxes." It could not have had in mind that "income taxes" then included "excess profits taxes" for the simple reason that the latter did not then exist. The point is narrowed then to whether they intended to include all future taxes computed upon income. Properly analyzed, the statute provides in substance that all taxes except income taxes may be deducted in the return. No matter what sort of taxes have been paid, they are deductible unless they have been paid as income taxes. The language used must be given its usual and common signification. Town of Union v. Ziller, 151 Miss. 467, 118 So. 293, 60 A. L. R. 1155; Warburton-Beacham Supply Company v. City of Jackson, 151 Miss. 503, 118 So. 606; Chattanooga Sewer Pipe Works v. Dumler, 153 Miss. 276, 120 So. 450, 62 A. L. R. 999; Green v. Weller, 32 Miss. 650; In re Park (D. C.), 8 F. (2d) 544; Reinecke v. Smith, 289 U. S. 172, 53 S. Ct. 570, 77 L. Ed. 1109. In Duggan v. Bay Street Railway Company, 230 Mass. 370, 374, 119 N. E. 757, 758, L. R. A. 1918E, 680, the court said: "It is a principle of general scope that a statute must be interpreted according to the intent of the makers, to be ascertained from its several parts and all its words construed by the ordinary and approved usage of the language, unless they have acquired a peculiar meaning in the law." Certainly when the words have been given "a peculiar meaning in the law" which is the same as their "approved usage," the case is yet stronger. Sec-

tion 1394, Code 1930, provides that "All words and phrases contained in the statute are used according to their common and ordinary acceptation and meaning . . . ." While this section provides also that technical words shall be construed in their technical sense, it is not found to have a double thrust because, as stated, the two meanings are the same.

Insofar as a revenue act operates to deprive the citizen of property, it should be construed strictly. Black, Interpretation of Law, p. 515. Provisos or exceptions which take a case out of a general rule should be so construed as not to include cases not falling fairly within its terms, Id., p. 435. Where there is an enumeration of exceptions, they are to be strictly construed so as to exclude all others. Crawford, Statutory Construction (1940), pp. 610, 611. Let it be assumed that the legislature had used the term "excess profits taxes," it could not be reasonably supposed that this would operate to include surtaxes, although both are superimposed upon normal income bases. Our court has held that sales taxes are taxes on income. Notgrass Drug Company v. State, 175 Miss. 358, 165 So. 884; Compress of Union v. Stone, 188 Miss. 49, 193 So. 329. It would not, however, commend itself to even a prejudiced mind that such taxes are comprised within the popular and accepted meaning of "income taxes."

In Clement v. Stone, 195 Miss. 774, 15 So. (2d) 517, decided by the court November 8, 1943, we were construing a tax of the State of Tennessee designated an income tax. It was in a literal sense such a tax since it dealt solely with income from stocks and bonds. It is important, however, that we were at the same time construing the same term as used in our statute. The question was whether the State of Tennessee had that which we call an income tax, as regards the application of our reciprocity clause. We held with the Tax Commission's view that the foreign statute was not an income tax as comprehended by our income tax law. The circumstance

that it was computed upon income was not found sufficient to meet our definition. It is not an unreasonable assumption that if that state had only an excess profits tax on corporations, the same result would have been reached.

We have not of course considered the feasibility nor advisability of thus enlarging the ordinary meaning by legislative action. Nor have we tested their language by lexicon to see what it could mean but have sought to find what they did mean. Our views are summarized in the conclusion that our statute did not by express terms nor implication include excess profits taxes within the terms "income taxes," but that it then meant that there may be deducted all "taxes" except what was then and had been popularly and legally known and designated as income taxes to which both individuals and corporations are subject.

As stated by Justice Holmes in New York Trust Company v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 507, 65 L. Ed. 963, 983, 16 A. L. R. 660, when discussing whether an estate tax was direct or indirect, "That matter also is disposed of by Knowlton v. Moore [178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969] not by an attempt to make some scientific distinction, which would be at least difficult, but on an interpretation of language by its traditional use. . . . Upon this point a page of history is worth a volume of logic."

The deduction ought to have been allowed.

Reversed and remanded.

CONCURRING OPINION.

**Griffith, J.**, delivered a concurring opinion originally.

When a tax, by whatever name it may be called, must be paid by a business as an incident of the conduct of that business, and which must be met by what the business earns, it is in reality as much an expense necessary to the conduct thereof as would be any other essential business expenditure, and upon every consideration of

just treatment shall be deductible as well in the calculation of the net income of the business. Even more so, for as to other expenditures the owner of the business has discretion and management, but as to taxes they are imposed in invitum, and are beyond the control of the management. And the funds necessary to meet income taxes are in effect never the funds of the business, but belong to the taxing authority as to which the owner of the business is in the meantime no more than a quasi-trustee. There is less excuse, therefore, for denying a deduction from gross income on account of taxes paid out of a business and which never in real fact belonged to the business than there would be in denying a deduction for the other actual and essential expenses incurred and paid out in its conduct.

And this being true, what difference does it make what kind of taxes is involved, and for the stronger reason what rational excuse, upon any basis of just treatment, is there for refusing to allow the deduction of income taxes, taken out of the business, and which, as already mentioned, never in real fact belonged to the business at all?

In view of all this, courts should not be called on to read into any statute, which runs so distinctly contrary to the considerations mentioned, anything which the words of the statute do not plainly compel, and more especially when the doubtful inclusion would bear upon only a particular class, rather than upon all alike. Technically speaking, an excess profits tax may be a species of income tax, but the ordinary rather than the technical sense is to be preferred in the interpretation of statutes, and as shown in the principal opinion, it took a special amendatory provision in a congressional act, recently passed, to put this particular matter out of doubt in the federal field. Would it not, therefore, require a similar express state enactment, effective only for the future, to take it out of doubt as to our state statute?

Inasmuch as taxing statutes are to be construed strictly, and all doubts resolved, in favor of the taxpayer, it follows that the rule would have to be reversed and the doubt resolved against the taxpayer, and a particular class of taxpayers at that, if this new and abnormal tax, called the excess profits tax, is not one for which the taxpayer may take deduction, and not only this, but as stated, the doubt would be resolved so as to work would be a palpable injustice. I have therefore concluded that the principal opinion is sufficiently well grounded to justify a concurrence in it.

DISSENTING OPINION.

**Smith, C. J.**, delivered a dissenting opinion originally. (Now made controlling opinion.)

The Federal tax, which the appellant says is not an income tax, and therefore should here be deducted from its income, is imposed by the Second Revenue Act of 1940, 26 U. S. C. A., Int. Rev. Acts, an examination of which seems to me clearly to disclose that it is an income tax. Title (1) of that statute imposes a tax ''upon the normal-tax net income of every corporation the normal-tax net income of which is more than $25,000;'' with some exceptions. Title (2) thereof imposes an additional tax on the same income of a corporation in the following words: ''There shall be levied, collected, and paid, for each taxable year beginning after December 31, 1939, on the adjusted excess profits net income, as defined in subsection (b) of every corporation,'' with certain designated exceptions. The statute then proceeds to grade the tax according to the amount of a corporation's ''adjusted excess profits net income.''

Subsection (b) of the section of the statute imposing the tax is as follows: ''Definition of Adjusted Excess Profits Net Income.—As used in this section, the term, 'adjusted excess profits net income' in the case of any taxable year means the excess profits net income (as

defined in section 711) minus the sum of," etc. The section 711 referred to is quite lengthy. Paragraph (a) thereof is as follows: "The excess profits net income for any taxable year beginning after December 31, 1939, shall be the normal-tax net income, as defined in section 13(a) (2), for such year except that the following adjustments shall be made."

Throughout the statute the words "excess profits net income" are used when referring to the tax imposed. Nowhere in the body of the statute is the tax imposed by it referred to simply as an "excess profits tax." Those words, without more, are used only in the first paragraph of title (2) thereof, wherein permission is given to cite the tax as the "excess profits tax of 1940." This permission was given merely for convenience in citing the statute, and cannot of itself determine the nature and character of the tax imposed. On the face of the statute imposing it, to which alone we should look, the tax here under consideration is an income tax, and I know of no rule of construction that would require, or even permit, us to hold otherwise.

The decree of the court below should be affirmed.

I am requested by Judge ANDERSON to say that he concurs in this dissenting opinion.

ON SUGGESTION OF ERROR.

**Griffith, J.,** delivered the opinion of the court on suggestion of error.

Inasmuch as the withholding of any rationally legitimate deduction operates to increase the income taxes which the taxpayer must discharge, makes taxable that which otherwise would not be taxable, it would seem sound legal logic that any exception which would withhold such a deduction should be strictly construed, and all doubts resolved, in favor of the taxpayer; and it was upon this logic that I concurred in the reversal of the decree when this case was decided a few weeks ago. The opposite view, however, may well be taken—that be-

cause deductions are merely factors in arriving at the taxable net income, factors by which the taxable net income may be made smaller in amount, the allowable deductions more nearly resemble exemptions as to which the construction is against the taxpayer. Subsequent reflection as to the admissibility of the latter view caused me to make an independent investigation whether direct authority might be found on the specific point, and this investigation has disclosed that the federal Supreme Court has expressly decided that "the rule that ambiguities in tax statutes are to be resolved in favor of the taxpayer has no application to provisions for deductions; they are allowable only when plainly authorized." Helvering v. Intermountain L. Ins. Co., 294 U. S. 686, 55 S. Ct. 572, 79 L. Ed. 1227, and other cases therein cited.

The citizen of today is beset and often bewildered by thousands of shifting enactments and regulations, among which are the perplexing intricacies of the income tax laws. Confusion of statute and regulation should not be further confounded by diversity of decision if conscientiously the courts may avoid such results; and I am thus constrained to the conclusion that the federal rule as above stated, and which we now have before us, should be followed rather than to which I, as one of the majority, adhered on the former decision.

The statute allows the deduction of all taxes paid other than income taxes. The effect of the statute is to say to the taxpayer, you may not deduct income taxes paid by you but may as to all other taxes, or, in other words, you may deduct all taxes paid by you which are not income taxes. Applying thereto the quoted rule, it must be plain that excess profits taxes are not income taxes, else they cannot be deducted, which is to say, if it be not plain or free from doubt, then the doubt must be resolved against the deduction. The excess profits tax is a species of income tax. The term "income taxes" is sufficiently comprehensive to embrace it, and doubt as to its being

embraced must be resolved against the deduction; and that is the case we have here.

But appellant has argued that excess profits taxes were not in existence when the statute in question was passed; that, therefore, such taxes could not have been contemplated at the time, and for that reason excess profits taxes should be construed as not being within the legislative intent in the use of the term "income taxes." The established rule is, however, that unless expressly made to apply only to past or present facts, all statutes phrased in general and comprehensive terms apply to and include all things within those terms, not only as presently existing, but as well as those which subsequently come into existence, although having no existence at the time of enactment. Hester v. Copiah County, 186 Miss. 716, 191 So. 496; 59 C. J. 1105; 25 R. C. L. 778. In 2 Lewis' Sutherland Stat. Const. (2 Ed.), p. 956, attention is called to the holdings "that the language of a statute is generally extended to new things which the language of the act is sufficient to comprehend, although such things were not known, and could not have been contemplated by the legislature when the act was passed." Such is the rule, and no sustained authority explicitly in point has been found to the effect that comprehensive terms must nevertheless be strictly construed and made something else than comprehensive as to things subsequently coming into existence.

And speaking now for the court, it is ordered that the suggestion of error be sustained; that the dissenting opinion of SMITH, C. J., delivered on our previous announcement, shall be brought forward and made the controlling opinion, and that the decree of the chancery court be affirmed.

Suggestion of error sustained, and decree affimed.

### Dissenting Opinion on Suggestion of Error.

**Alexander, J.,** delivered a dissenting opinion on suggestion of error.

It being conceded that an excess profits tax is computed upon income and is therefore reasonably comprehended within the inclusive generality of income taxes, the narrow question is whether the term as a technical concept should receive a construction favorable to the state or to the taxpayer. It was not contemplated by the legislature that it would mean more than the term implied when the act was passed, at which time there was no excess profits tax properly so called in force. Even the view that the term may be held to assemble to itself all subsequent exactions susceptible of computation on an income basis, returns us again to the question of a proper criterion of construction.

Assuming that deductions, if ambiguous, are to be construed favorably to the state, we find that the deduction is "all taxes." There is no ambiguity here. The exception of "income taxes" is calculated to transpose the term from its place in the deductions and to expose it to the direct impact of the tax. Borrowing the construction devise of the majority opinion, it seems that the effect of the statute is to say to the taxpayer, you must pay on all income including that which was used to pay income taxes, but all other taxes may be deducted.

Income taxes therefore fall not within the deduction but within the imposition.

I am authorized by Judge Roberds to say that he concurs in the views herein expressed.