EDWARDS HOUSE CO. *v.* STONE, CHAIRMAN.

Dec. 20, 1952

No. 38596 13 Adv. S. 1 61 So. 2d 663

*Tighe & Barksdale,* for appellant.

*J. H. Sumrall,* for appellee.

HALL, J.

Appellant corporation operates the Edwards Hotel in the City of Jackson. It entered into a written contract with the United States Government whereby it agreed to furnish lodgings for U. S. Army and U. S. Air Force recruits and applicants for enlistment in the Regular Army and Regular Air Force for the price of $2.50 per day each. The government agreed to pay for the services upon invoices bearing a certificate to the effect that State or local sales taxes are not included in the amounts billed.

Between July 1, 1950, and September 30, 1951, appellant furnished lodgings under said contract at the said rate but did not collect any State sales tax thereon. Such tax, however, amounts to the sum of $1,415.94 and the State Tax Commission assessed appellant with that amount. Appellant paid the tax under protest and brought suit in the circuit court of Hinds County to recover the same and upon a hearing of the matter that court dismissed the suit, from which action this appeal is prosecuted.

Appellant contends that the tax was illegally imposed upon it by the Tax Commission for the reason that the government was not liable therefor, that it did not collect

the same from the government, and that it is not liable for the tax on such services rendered to the government.

 Section 10,111, Code of 1942, levies a tax equal to 2% of the gross income from the business of operating a hotel. Section 10,113, Code of 1942, exempts from the general sales tax so much of the gross income "as is derived from sales of tangible property to the United States Government" and "so much thereof as is derived from charges ,for labor to the United States Government". It is at once seen that the furnishing of lodging in a hotel is neither a sale of tangible property nor a charge for labor. Under the plain terms of the statute appellant is liable for the 2% sales tax upon the lodgings furnished.

Appellant contends, however, that under the decision of the Supreme Court of the United States in the case of Panhandle Oil Company v. State of Mississippi, 277 U. S. 218, 48 S. Ct. 451, 72 L. Ed. 857, 56 A. L. R. 583, the State cannot collect the sales tax. That case is clearly distinguishable from the one here presented. There the State sought to collect from Panhandle Oil Company a tax of three cents per gallon on gasoline sold by it to the United States for the use of its Coast Guard Fleet and Veterans Hospital in Gulfport, Mississippi. The thing sought to be taxed was tangible property and the tax was added to the sale price of the gasoline, thereby increasing the cost to the government. Here the appellant specifically agreed with the government that it would not expect the government to pay the 2% sales tax on the lodgings furnished to its Army and Air Force personnel. The tax lays no burden upon the government but places it squarely upon appellant. The price to the government for the services rendered was not increased by imposition of the tax upon appellant.

In the case of James v. Dravo Contracting Co., 302 U. S. 134, 58 S. Ct. 208, 82 L. Ed. 155, 114 A. L. R. 318, the State of West Virginia imposed a tax upon the gross receipts of the contracting company under contracts

which it had with the United States. The company enjoined collection of the tax upon the ground that it is invalid because it lays a direct burden upon the Federal Government. The Supreme Court of the United States rejected that contention and held the tax to be valid, and in so doing it distinguished the Panhandle case, supra, and said: "The contention ultimately rests upon the point that the tax increases the cost to the Government of the service rendered by the taxpayer. But this is not necessarily so. The contractor, taking into consideration the state of the competitive market for the service, may be willing to bear the tax and absorb it in his estimated profit rather than lose the contract. . . . But if it be assumed that the gross receipts tax may increase the cost to the Government, that fact would not invalidate the tax. With respect to that effect, a tax on the contractor's gross receipts would not differ from a tax on the contractor's property and equipment necessarily used in the performance of the contract. Concededly, such a tax may validly be laid. . . . We hold that the West Virginia tax so far is it is laid upon the gross receipts of respondent derived from its activities within the borders of the State does not interfere in any substantial way with the performance of federal functions and is a valid exaction."

James v. Dravo Contracting Company, supra, was followed with approval in Alabama v. King & Boozer, 314 U. S. 1, 62 S. Ct. 43, 86 L. Ed. 3, and in mentioning the view expressed in the Panhandle Oil Co. case the Court said "we think it no longer tenable".

The Dravo case was again followed in Penn Dairies Inc. v. Milk Control Commission of Pennsylvania, 318 U. S. 261, 63 S. Ct. 617, 87 L. Ed. 748, and in Smith et al. v. Davis, et al., 323 U. S. 111, 65 S. Ct. 157, 89 L. Ed. 107, and in S. R. A. Inc. v. Minnesota, 327 U. S. 558, 66 S. Ct. 749, 90 L. Ed. 851, and in Oklahoma Tax Commission v. Texas Company, 336 U. S. 342, 69 S. Ct. 561, 93 L. Ed. 721.

The Dravo case was also followed by this Court in Compress of Union v. Stone, 188 Miss. 49, 193 S. 329, and we think it announces the rule properly applicable in the case now before us. The judgment of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.*, and *Kyle, Arrington* and *Ethridge, JJ.*, concur.