SMITH, Justice:
The Mississippi State Tax Commission has appealed from a decree of the Chancery Court of the First Judicial District of Hinds County, interpreting Mississippi Code Annotated 1942 section 9344 (1952). The chancellor construed that section as permitting Defenbaugh & Company of Cleveland, Inc., a corporation engaged in the finance or loan brokerage business, to take credit upon Mississippi State income taxes due by it on income derived from sources unrelated to such business, for the amount assessed against it and paid as a privilege tax for engaging in the finance of loan brokerage business under Mississippi Code Annotated 1942 section 9341 (1952).
Section 9344 appears as part of Chapter 3, Title 37, “Finance Companies.” Section 9341, the first paragraph of the chapter, levies a statewide privilege tax upon persons, firms, corporations, or associations doing a statewide finance company or loan brokerage business. It is admitted that Defenbaugh is a finance company or loan brokerage company, as defined in the act.
Defenbaugh’s Mississippi State income tax liability, on income from all sources, including sources unrelated to its finance or loan brokerage business, for the fiscal year ending September 30, 1965, was $435.65. It claimed credit on this amount for $434.66 paid by it as privilege tax for engaging in *789 the finance or loan brokerage business, as provided by Section 9341.
Approximately 88.05 percent of the net income earned by Defenbaugh in the fiscal year was derived from its business as a finance company or loan brokerage company, the remaining 11.95 percent having been derived from sources unrelated to that business.
Mississippi Code Annotated 1942 section '9344 (1952) is as follows:
“The tax hereby levied is in lieu of all other privilege taxes upon such business, * * * and the amounts paid by the taxpayer in any given calendar year shall be credited upon such income tax as may be due by the taxpayer for such calendar year, or for the next fiscal year ending after the close of such calendar year; provided, however, the credit so allowed shall, in no event, be in a greater amount than the total amount of income tax due by the taxpayer for such calendar or fiscal year; it being the purpose and effect of this section that whichever of the above taxes is greater in amount shall be paid by the taxpayer.”
It will be noted that this section does not provide for a deduction from taxable income, but allows credit on income tax due by the taxpayer for the amount paid as privilege tax under Section 9341.
The State Tax Commission rejected Def-enbaugh’s claim, and contended that, since only 88.05 percent of the taxpayer’s taxable income had been derived from the finance or loan brokerage business, the credit allowed by Section 9344 could be applied only to the tax due on Defenbaugh’s income from that source. Defenbaugh declined to accept the Commission’s interpretation of the statute and requested a review as provided by Mississippi Code Annotated 1942 section 9220-30 (1952). The Commissioner upheld the assessment, and Defenbaugh filed a petition in the Chancery Court of the First Judicial District of Hinds County, stating its position, and requesting a hearing of the matter upon its merits.
The Commission filed an answer and cross-bill, to which Defenbaugh interposed a pleading entitled, “Demurrer, Motion to Strike, and Motion for Judgment on the Pleadings.” The demurrer was a general demurrer, there is no dispute as to any of the facts, and the chancellor’s action in sustaining the demurrer had the effect of disposing of the whole case.
The chancellor’s well reasoned opinion is in the record. He reviewed the authorities, noting in particular, Tri-State Transit Co. of Louisiana v. Stone, 196 Miss. 23, 16 So.2d 35, 151 A.L.R. 976, sugg. error sustained, 16 So.2d 782 (1944), in which this Court cited with approval Helvering v. Inter-Mountain L. Ins. Co., 294 U.S. 686, 55 S.Ct. 572, 79 L.Ed. 1227 (1935), wherein it was said:
“ ‘The rule that ambiguities in tax statutes are to be resolved in favor of the taxpayer has no application to provisions for deductions; they are allowable only when plainly authorized.’ ” 196 Miss, at 47, 16 So.2d at 783.
The chancellor held that the rule, as stated, applied in this case, but concluded that the language of Section 9344 plainly authorized a credit upon income taxes due by Defenbaugh, not only upon such taxes on income derived exclusively from its finance or loan brokerage business, but on taxes due on its income from all other sources as well. We agree with this conclusion.
Provision is made for the credit in Section 9344 in the following language:
“ * * * and the amounts paid by the taxpayer (as privilege tax) in any given calendar year shall he credited upon such income tax as may he due hy the taxpayer for such calendar year, or for the next fiscal year ending after the close of such calendar year * * *.” (Emphasis added.)
*790 Moreover, Section 9344 refers to “ * * the total amount of income tax due by the taxpayer for such calendar or fiscal year * * (Emphasis added.)
The privilege tax levied by Section 9341 applies alike to persons, firms, corporations and associations engaging in the finance or loan brokerage business.
The arbitrary allocation of a percentage of the taxpayer’s total income tax liability to income derived exclusively from such business requires application of an arbitrary formula which inevitably would result in inaccuracies and inequities in many cases. Particularly would this appear to be true in the case of an individual taxpayer, where it would become necessary to allocate personal exemptions and perhaps to apportion expenses for facilities shared in disparate proportions by several business activities in which the taxpayer might be engaged. These and other questions will certainly arise, especially where an increment in income from one business or another will result in placing the taxpayer in a higher income tax bracket. The use of percentages as a basis for the credit will not result in uniformity in all cases, but would require the Mississippi State Tax Commission to devise and employ its own formula or formulas in the absence of any guide furnished by the act itself.
In Broadhead v. Monaghan, 238 Miss. 239, 117 So.2d 881 (1960), the Court had under consideration the constitutionality of a statutory provision allowing the State Tax Commissioner, in his discretion, to impose certain penalties, within stated limits. The Court held that this amounted to an unconstitutional delegation of legislative power to the Commissioner, since it authorized him, in his unrestricted discretion, to vary the amount of the penalty imposed.
The Court quoted from 73 C.J.S. Public Administrative Bodies and Procedure § 29, at p. 324 (1951), as follows:
“ ‘The law-making power may not be granted to an administrative body to be exercised under the guise of administrative discretion. Accordingly, in delegating powers to an administrative body with respect to the administration of' statutes, the legislature must ordinarily prescribe a policy, standard, or rule for-their guidance and must not vest them" with an arbitrary and uncontrolled discretion with regard thereto.’ ” 238 Miss.. at 263, 117 So.2d at 892.
The Court held that the impartiality and" fairness of the Commission was immaterial" to the decision of the question there under-consideration, saying:
“The fact that the Commissioner, or his deputy, in this case, with no- statutory rule to guide him, was impartial' in fixing-the amounts of the penalties for delinquencies in the payment of the installments of taxes falling due on December-15, 1957, according to a classification of his own making, did not relieve the statute-of the constitutional infirmity pointed out. above. As stated by this Court in Clark v. State, 169 Miss. 369, 152 So. 820, 822, The validity of a law is to be decided by its terms and provisions, and not by the-manner in which it might be administered,, operated, or enforced.’ ” 238 Miss, at 371, 117 So.2d at 895-896.
The legislature supplied no formula and" made no provision in the statute for prorating the credit upon a percentage or upon< any other basis, and there is nothing in the-statute to indicate an intention on the part of the legislature to limit application of the-credit to income tax due on that portion of' the taxpayer’s income derived exclusively from its business of financing loans secured: by tangible personal property. On the contrary, the statute providing for the credit-, contains only one restriction or limitation,, that being “ * * * the credit so allowed' shall, in no event, be in a greater amount than the total amount of income tax due by-the taxpayer * *
It would be necessary to ignore completely the word “total” as used in the statute in order to limit the application of the: *791 •credit to the tax due on income derived solely from the finance or brokerage business.
We think the chancellor correctly construed Section 9344 as allowing the credit upon income taxes due by Defenbaugh upon its total income, without regard to source.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY, and PATTERSON, JJ., concur.