GROVER MANHEIM, BY HIS NEXT FRIEND, L. W. MANHEIM, v. VIRGINIA SURETY COMPANY, INC., AND R. H. GARLAND AND W. C. HONEY-CUTT.

(Filed 31 May, 1939.)

**Insurance § 43—Indemnity bond for taxi corporation held not to cover liability for injuries inflicted prior to the execution of the bond.**

This action was instituted against the guarantors on an indemnity bond guaranteeing payment of any final judgment for any personal injury rendered against the principal, plaintiff having obtained judgment against the principal and execution having been returned unsatisfied. It appeared that plaintiff sustained personal injuries occurring prior to the execution and delivery of the bond but that the judgment against the principal was rendered subsequent to that date. It further appeared that prior to the execution of the indemnity bond the taxi corporation had filed with the

city a liability insurance policy which was canceled on the date the indemnity bond was executed and delivered. *Held:* Construing the entire bond in the light of the circumstances and the provision of the ordinance and statute pursuant to which it was given, C. S., 2787 (36), providing that the filing of the bond or an insurance policy should be a condition precedent to the operation of any taxicab within the city, the bond does not cover the judgment for personal injuries which were sustained prior to its execution and delivery, and plaintiff may not hold the guarantors liable.

APPEAL by plaintiff from *Sink, J.,* at February Term, 1939, of GUILFORD. No error.

*L. Herbin and Frazier & Frazier for plaintiff, appellant.*

*James MacClamrock and A. C. Davis for Virginia Surety Company, appellee.*

*H. R. Stanley and R. M. Robinson for R. H. Garland and W. C. Honeycutt, appellees.*

SCHENCK, J. This is an action upon a policy of liability insurance issued by the Virginia Surety Company and an indemnity bond whereon R. H. Garland and W. C. Honeycutt are guarantors, held by the city of Greensboro, guaranteeing the payment of judgments obtained against the Bluebird Transportation Corporation by reason of the operations of taxicabs in said city.

The policy of liability insurance was issued by the corporate defendant on 20 May, 1937, was canceled as of 12:01 o'clock a.m., 24 November, 1937, and was in the sum of $2,500.

The bond, upon which the defendants Garland and Honeycutt were guarantors, became effective at 12:01 o'clock a.m., 24 November, 1937, and was of a continuing nature, and was in the sum of $10,000.

The plaintiff, Grover Manheim, received personal injuries due to the negligent operation of a taxicab of the Bluebird Transportation Corporation in the city of Greensboro on 19 June, 1937, and instituted suit to recover damages for said injuries against said transportation corporation on 17 September, 1937, and procured final judgment therefor in the sum of $8,500 at the March Term, 1938, of Guilford County Superior Court, and on 25 May, 1938, caused an execution to issue against said transportation corporation, which was returned unsatisfied.

This action was instituted while appeal from the judgment procured at the March Term, 1938, was pending, and came on for hearing at the February Term, 1939, after said judgment had been affirmed, when the trial judge instructed the jury that if they found the facts to be as shown by all of the evidence to answer the issue as to the indebtedness

of the defendant surety company to the plaintiff in the sum of $2,500, and the issue as to the indebtedness of the defendants Garland and Honeycutt to the plaintiff, "Nothing."

The jury returned a verdict accordant with the court's instruction, and from judgment predicated on the verdict the plaintiff appealed, assigning error.

The assignments of error relied upon by the plaintiff are to the court's instructing the jury that if they found the facts to be as shown by all the evidence to answer the issue as to the indebtedness of the individual defendants, "Nothing," and to the refusal of the court to give instructions, asked in apt time, to the effect that if they found the facts to be as shown by all the evidence, to answer the issue as to the individual defendants' indebtedness, "$6,000."

It will be noted that the accident which caused the injury for which the plaintiff received judgment against the Bluebird Transportation Corporation occurred on 19 June, 1937, that suit was instituted to recover damages caused thereby on 17 September, 1937, and judgment obtained in March, 1938, while the bond in suit, upon which the defendants Garland and Honeycutt were guarantors, was not executed and delivered until 23 November, 1937. It is contended by the appellant that since the judgment was obtained subsequent to the delivery of the bond the judgment is covered by the bond. It is the contention of the appellees Garland and Honeycutt that since the accident occurred prior to the delivery of the bond, the judgment is not covered thereby.

In the portion of the bond relied upon by the appellant the guarantors agree within thirty days after the rendition thereof, "To pay any final judgment that may be taken against said Bluebird Transportation Corporation of Greensboro, North Carolina, for any personal injury or property damage for which the said Bluebird Transportation Corporation may be held liable at the instance of all persons; . . ."

The bond in suit was filed in compliance with C. S., 2787 (36) and the ordinance of the city of Greensboro enacted 27 July, 1937, under authority of the statute. Sec. 1, chap. 279, Public Laws 1935, which permits the filing of surety bonds as well as policies of insurance, provides that said bonds may be filed "as a *condition precedent* to the operation of any . . . taxicab . . . over the streets of such city or town." Manifestly a bond filed on 23 November, 1937, could not have been filed as a condition precedent to the operation of a taxicab on 19 June, 1937, the date the accident occurred, and could have had no relation to judgments for damages arising out of injuries caused by such accident. The contention that the words "to pay *any* final judgment that may be taken against" the principal "for *any* personal injury" for which "it may be held liable at the instance of all persons,"

extends the coverage to judgments for injuries caused by accidents occurring prior to the delivery of the bond, but taken subsequently, thereto is, we think, untenable. The words are not to be considered isolatedly and alone, but contextually with the other provisions of the bond and the statute and ordinance under which it was given. *In verbis, non verba, sed res et ratio, quærenda est.* In the construction of words, not the mere words, but the thing and the meaning, are to be inquired after.

In construing the entire bond in the light of the circumstances of its execution and delivery, the statute and the ordinance pursuant to which it was issued and accepted, we think it is clear that it was the intention of the parties that the indemnity bond should cover any judgment taken against the assured for injuries occurring subsequently to its delivery and acceptance, judgments for injuries occurring prior to that time being covered by the policy of insurance which was canceled as of the time the indemnity bond became effective, namely, at 12 :01 o'clock a.m., 24 November, 1937, and that his Honor was correct in holding that the bond on which the defendants Garland and Honeycutt were guarantors did not cover a judgment for damages caused by injuries inflicted by an accident occurring prior to the time it became effective.

There are no assignments of error discussed in the appellant's brief in so far as the judgment relates to the defendant Virginia Surety Company.

In the trial of the case below there was

No error.