NUNNERY v. BAKER.

(Division A. April 8, 1940. Suggestion of Error Overruled May 20, 1940.)

[195 So. 314. No. 34065.]

L. F. Easterling, Hilton & Kendall, and W. E. Morse, all of Jackson, for appellant.

598

Robertson & Robertson and Stirling & Stirling, all of Jackson, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The Capital Terminal Company, a now defunct corporation, was engaged in the taxicab business in the City of Jackson, Mississippi. An ordinance of the city provides that: "All automobiles or busses, used for transporting passengers, operated in the City of Jackson, Mississippi, for hire, shall file an indemnity bond with the City of Jackson in the penal sum of Two Thousand Dollars ($2,000.00), with a clause in said bond to satisfy any and all judgments of any person, firm or corporation, for personal injury or property damage, caused by the operation of said vehicle for hire in and over the streets and public places of the City of Jackson." This ordinance seems to have been interpreted by the city authorities as not requiring an indemnity bond for each of the automobiles of a taxicab company, but only one bond by a taxicab company in the sum of $2,000, covering all of its automobiles.

On the 1st day of September, 1937, the Capital Terminal Company engaged in the taxicab business executed to the city an indemnity bond in the sum of $2,000, covering all of its automobiles with the appellant, who was then president of the company, as surety thereon. With this bond, the appellant, as surety thereon, deposited with the city two $1,000 U. S. Government Bonds. The indemnity bond recites that: "As surety herein (referring to the surety thereon), he limits his liability to the following described property held by the City of Jackson, Mississippi, and the surety herein represents and warrants that he has the authority to pledge said property for this bond."

On the 28th day of January, 1938, the appellant had ceased to be president of the Capital Terminal Company but acted for it as its attorney when called on by it so to do. On that day, January 28, 1938, the company executed a new indemnity bond to the city in the sum of $2,000, conditioned as required by the ordinance herein-

before set out, with three sureties thereon, one of whom was Mrs. Ada J. Mendum. There was also a provision in the bond limiting the liability of the sureties thereon to certain real property described therein. The bond recited that: "The aforesaid property shall also be bound for any judgment or judgments which may be hereafter obtained by anyone under which that certain bond to the City of Jackson executed by the Capital Terminal Company, Inc., on the 1st day of September, 1937, wherein certain Government bonds were pledged as security would have been liable, this bond to all effects being in lieu thereof." The government bonds deposited with the city by the appellant with the indemnity bond on which he was surety were then returned to him by the city. On March 26, 1938, a representative of the city advised the appellant that Mrs. Mendum had cancelled her liability on the indemnity bond signed by her, and that unless an indemnity bond as required by the city ordinance, hereinbefore set out, was maintained, the taxicab company would not be permitted to operate. Thereupon, the appellee wrote and delivered the following letter:

"Jackson, Mississippi
"March 26, 1938

"Honorable W. E. Morse
"Attorney at Law
"Jackson, Miss.
"Dear Mr. Morse:

"I am informed that Mrs. Mendum has cancelled her bond in the sum of $1,000 for the Capital Terminal Company, Inc., effective this date.

"As the City is demanding that this bond in the above named sum be substituted, I am herewith enclosing my check for the like amount with the understanding that it is only effective from and after this date, and is not liable in any respect for claims or suits existing prior to this date, and with the further understanding that a personal bond will be substituted in lieu of the check.

"Please hold this check in your possession until I have an opportunity to have a personal conversation with you.

"Yours truly,

"Herbert Nunnery."

Morse appears, from the record, to be the attorney for the City of Jackson. The check referred to in the letter was on the Deposit Guaranty Bank & Trust Company of Jackson, Mississippi, to which it was carried by someone for the city and certified to by the bank's cashier. It had not been cashed by the city but was in its possession when this suit was begun. Nunnery's reason for putting up this check, according to his testimony, was that his father was then president, with a salary as such, of the Capital Terminal Company, and he wanted to insure the continuance of the company in business so that his father might continue to have employment.

On December 1, 1937, Mrs. E. G. Baker, while a passenger in one of the Terminal Company's taxicabs, was injured, and recovered a judgment against the company therefor on May 16, 1938, for $1,000.

On December 9, 1937, Mrs. Dudley Smith was injured while a passenger in one of the Terminal Company's taxicabs, and recovered a judgment against the company therefor in the sum of $300 on the 16th day of September, 1938.

In October, 1938, Mrs. Smith filed an original bill of complaint in equity in the County Court of Hinds County, wherein she seeks to subject the $1,000 check deposited by Herbert Nunnery, the appellant herein, with the city, to the payment of her $300 judgment against the Capital Terminal Company. She prayed and obtained a writ of sequestration directing the sheriff to take possession of the check and retain it until further order by the court. Mrs. Baker appeared and claimed the $1,000 check deposited with the city by the appellant, or its proceeds, in satisfaction of her $1,000 judgment against the Capital Terminal Company. The City of Jackson and Herbert Nunnery, the appellant, were made parties to this pro-

ceeding. At the close of the evidence in the county court, a decree was rendering dismissing the cause and directing that the $1,000 check then in the hands of the sheriff be returned by him to the City of Jackson. The case was carried by Mrs. Smith and Mrs. Baker to the circuit court of Hinds County and it was tried by the circuit judge by agreement for the rendition of a final decree on the record made in the county court. That circuit court reversed the decree of the county court, decreed that Mrs. Smith take nothing and awarded the appellant's $1,000 check to Mrs. Baker. The decree against Mrs. Smith was made on the theory that Mrs. Baker's claim to the check was first in time. The case has been brought to this Court by Nunnery and Mrs. Smith has not appealed.

The $1,000 check was delivered to the city by the appellant in lieu of the bond required by the city ordinance "to satisfy any and all judgments of any person, firm or corporation for personal injury or property damage caused by the operation" of any automobile of the Capital Terminal Company for hire in and on the streets and public places of the City of Jackson. Such a bond covers only personal injury and property damage sustained after its execution unless it plainly appears from the bond or other competent evidence that it was intended also to cover past personal injuries and property damage. 31 C. J. 431. The ordinance does not contemplate a bond to cover past injury and damage inflicted by automobiles or busses as a condition for their continued use on the streets of the city, but to cover injury and damage inflicted after its execution, so that the presumption therefrom, in the absence of evidence to the contrary, is that a bond given under the provisions of the ordinance looks to the future and not the past. The letter which accompanied the delivery of the check to the city removed all doubt as to whether it looks only to the future for it expressly provides "that it (the check) is only effective from and after this date, and is not liable in any respect for claims or suits existing prior to this date." But it

is said by the appellee that the letter accompanying the check states that the city was demanding that the Mendum bond "be substituted," consequently, the check must be considered to have been delivered as a substitute for and subject to all of the liabilities of that bond. This might be true if the letter had rested there, but, as hereinbefore said, it does not, but expressly states that "it (the check) is only effective from and after this date, and is not liable in any respect for claims or suits existing prior to this date."

Another of appellee's contentions is that at the time the appellant delivered this check to the city, he had in his possession money belonging to the Capital Terminal Company sufficient to cover it. Consequently, the money represented by the check should be held to belong to the Capital Terminal Company and therefore liable for its judgment debts. The undisputed evidence is that the money represented by the check belonged to Nunnery himself. It may be that the appellant did have money in his possession belonging to the Capital Terminal Company at the time he delivered this check to the city. Nevertheless, it was not delivered to the city in payment thereof or to be held by it for that company, but for the purposes specifically set forth in the letter which accompanied it.

The decree of the circuit court will be reversed, and the decree of the county court will be affirmed.