### 18234. WILLIAMS BROS. LUMBER COMPANY v. ANDERSON *et al.*

Argued June 9, September 16, 1953—Decided October 14, 1953—
Rehearing denied November 12, 1953.

*Nall, Sterne & Miller, Nall & Sterne, Clinton J. Morgan,* for plaintiff in error.

*John C. Strother, Dunaway, Howard & Embry, J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden, Haas, Hurt & Peek,* contra.

ALMAND, Justice.   1. The right of the plaintiff to require contribution from the Atlanta Car-for-Hire Association, Inc., is dependent upon the question of whether or not the provisions

of the ordinance of September 20, 1948, as subsequently amended, and the bond executed by said association on November 10, 1948, covered the liability of K. C. Lowe, a member of the association, for the injuries sustained by reason of the negligent death of Meisel on August 2, 1948, the Atlanta Car-for-Hire Association, Inc., not being a party to the action of Mrs. Meisel in which she obtained a judgment against Lowe and others. To determine this, we will have to look to the ordinance and the bond given under the ordinance, to see whether or not the ordinance had a retrospective operation. The ordinance of September 20, 1948, as amended on October 18 and November 15, 1948, provides:

"No permit to operate a Car-for-Hire shall be issued or continued in operation unless the holder thereof shall give bond with adequate security with limits of liability in the amount of ten thousand dollars for bodily injury to each person and twenty thousand dollars for each accident and five thousand dollars baggage and property damage liability for the protection of passengers and baggage and the public against injury or damage proximately caused by the negligence of such Car-for-Hire, its servants and agents; and such bond shall be approved by the Police Committee and deposited with the Mayor and be for the benefit of and subject to suit by action thereon by any person who shall sustain actionable injury or loss protected thereby. The Police Committee may in its discretion allow the holder of such permit to file in lieu of such bond a policy of indemnity insurance in some indemnity insurer, which policy shall substantially conform to all of the provisions hereof relating to bonds, and shall likewise be approved by the Police Committee and deposited with the Comptroller . . . the Atlanta Car for Hire Association, Inc., to give a bond in substantially the form hereto attached, which shall be sufficient compliance by the members of said association with the ordinance hereby amended."

The bond as executed on November 10, 1948, by the Atlanta Car-for-Hire Association, Inc., recited that such association was bound unto the Mayor of the City of Atlanta for the benefit of all concerned in the just and full payment of $25,000, the condition of the obligation being: "Whereas, members of the Atlanta Car-for-Hire Association, Inc., hold permits with the City

of Atlanta for the operation of cars for hire and are required by ordinance to furnish a bond with limits of liability in the amount of ten thousand and no/100 ($10,000.00) dollars for bodily injury to each person, and twenty thousand and no/100 ($20,000.00) dollars for bodily injury to all persons for each accident, and five thousand and no/100 ($5,000.00) dollars baggage and property damage liability, for the protection of passengers and baggage and the public against injury or damage proximately caused by the negligence of the owner of such car for hire, its servants and agents; and Whereas, there will be kept on file with the Police Committee of the Mayor and General Council of the City of Atlanta the name of each member of the Atlanta Car for Hire Association under seal of the corporation; and Whereas, this bond shall be subject to suit by action thereon by any person who shall sustain actionable injury, loss or damage protected hereby;

"Now, therefore, should each and all such members of Atlanta Car for Hire Association, Inc., pay any and all judgments which may be finally rendered against them, or either of them, upon the rendition of any such final judgment, then, this bond to be void; otherwise, of full force and effect."

The bond as required by the ordinance and executed by the association is one that insures against liability, and is not a contract of indemnity. *Hodges* v. *Ocean Accident &c. Corp.*, 66 *Ga. App.* 431 (18 S. E. 2d 28); Associated Indemnity Corp. *v.* McAlexander (Tenn.), 79 S. W. 2d 556; Continental Auto Ins. Underwriters *v.* Menuskin, 222 Ala. 370 (132 So. 883). Liability accrues on the occurrence of the injury or event on which the liability depends, and does not depend on the recovery of a judgment against the insured, which if recovered relates back to the date of the injury. Hocken *v.* Allstate Ins. Co., 235 Mo. App. 991 (147 S. W. 2d 182); Pennsylvania Casualty Co. *v.* Phoenix, 139 Fed. 2d 823; Ross *v.* American Employers' Liability Ins. Co., 56 N. J. Eq. 41 (38 Atl. 22).

It will be seen from the ordinance and bond that neither of them expressly or impliedly provided for retrospective operation, but contemplated the giving of bond and liability thereunder for accidents occurring in the future. The ordinance provided that no permit to operate a car for hire *shall* be issued or continued

in operation where a permit had been issued, unless the holder *shall* give bond, and such bond *shall* be deposited with the comptroller for the benefit of and subject to action thereon by any person who shall sustain actionable injury. The Atlanta Car-for-Hire Association, Inc., was authorized to give a bond in the form prescribed by the ordinance, "which *shall* be sufficient compliance by the members of said association." Under the terms of the bond, the condition of the bond was that it *shall* be subject to suit by action thereon by any person who *shall* sustain actionable injury, loss or damage protected thereby. The use of the word "shall" in the ordinance and bond indicates acts or occurrences in the future, and did not have for its purpose the coverage of injuries to persons or property growing out of accidents and transactions which occurred prior to the date of the passage of the ordinance or the execution of the bond. See State *v.* Alden Mills, 202 La. 416 (8 So. 2d 98); Ex parte Norton, 113 Tex. Crim. 306 (21 S. W. 2d 663).

Counsel for the parties cite no decision of this court or the Court of Appeals, nor have we found any, which involved the question here posed. In our search of the authorities from other jurisdictions we have found only two cases where the question and factual situation were the same as in the instant case. Both of these cases sustain us in our view that the bond in question did not cover accidents occurring before the execution of the bond. In Manheim *v.* Virginia Surety Co., 215 N. C. 693 (3 S. E. 2d 16), it appeared that the City of Greensboro had passed an ordinance on July 27, 1937, providing for the filing of a security bond by taxicab operators as a condition precedent to operating any taxicabs on the streets of Greensboro. The bond, executed on November 23, 1937, required the guarantors to pay any fixed judgment that may be rendered against the named taxicab operator for any personal injury or property damage for which the operator may be held liable at the instance of all persons. Manheim sued the taxicab operator for personal injuries sustained on June 19, 1937, and judgment was rendered in March, 1938. It was held that the indemnity bond, having been executed subsequently to the date when the plaintiff was injured, was not subject to the judgment rendered. In Nunnery *v.* Baker, 188 Miss. 596 (195 So. 314), it was held that a bond to satisfy

judgments for personal injuries caused by the operation of motor vehicles for hire covered only injuries sustained after its execution, unless it plainly appears from the bond or other competent evidence that it was intended to cover past injuries or damages. To give the ordinance the retrospective operation contended for by the plaintiff would make the same a retroactive law, in violation of the Constitution and laws of this State. Code §§ 2-302, 102-104. "A statute is retroactive in its legal sense which creates a new obligation on transactions or considerations already past, or destroys or impairs vested rights. A statute does not operate retrospectively because it relates to antecedent facts, but if it is intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence, it is retroactive in character." *Ross* v. *Lettice,* 134 *Ga.* 866, 868 (68 S. E. 734, 137 Am. St.R. 281).

Since neither the ordinance nor the bond has application, and since the liability as against the Atlanta Car-for-Hire Association, Inc., is based solely on the ordinance and bond, and the prayers for relief against James and the City of Atlanta are based upon the alleged right of the plaintiff to call upon the association for contribution, it follows that the trial judge did not err in sustaining the ground of the general demurrers of the defendants Atlanta Car-for-Hire Association, Inc., and L. A. James and the City of Atlanta, which asserted that the petition did not set forth a cause of action as against them. Though the trial court sustained other grounds of these demurrers, it is unnecessary, in view of the above ruling, to pass upon the contention that it was error to sustain other grounds of these general demurrers.

2. The only question left in the case is whether or not the allegations of the petition were sufficient to show that the plaintiff is entitled to call upon the defendants Anderson and McGriff each to contribute, as their pro rata share in satisfaction of the judgment of Mrs. Meisel, one-fourth of the amount of the judgment, it being alleged that these individuals are partners doing business under the trade name of Anderson-McGriff Company, and together had contributed one-third thereof. The plaintiff insists that the judgment was against Anderson and Mrs. Mc-

Griff in their individual capacities, and that each should be required to contribute one-fourth. Anderson and Mrs. McGriff contend that the tort action in which the judgment was rendered was against them as partners doing business under the trade name of Anderson-McGriff Company, such judgment against them being in that capacity; and since they were not charged with any act of negligence in their separate capacities, their liability was derivative by reason of the fact that the truck belonged to the partnership and was being operated by their servant.

Code §§ 37-303 and 105-2012, which give a right to one tortfeasor who has paid more than his share to call upon other tortfeasors for contribution, do not lay down any rule as to how an apportionment should be made where one of the defendants is a partnership. Counsel in this case have not cited any authority in this State which deals with the assessment of a pro rata part as against joint tortfeasors where one of the parties was a partnership doing business under a trade name. Counsel for Anderson and McGriff cite decisions from other jurisdictions which sustain them in their position, one being Wold v. Grozalsky, 277 N. Y. 364 (14 N. E. 2d 437, 122 A. L. R. 518). In that case, the plaintiff sustained injury by reason of negligence on the part of the owners of two adjoining buildings, one of which was owned by one individual and the other was owned by two individuals. The plaintiffs recovered a judgment against the three owners of the buildings in a negligence action. The defendant who was the owner of one of the buildings brought an action seeking to require the other two defendants, owners of the other building, each to pay one-third of the judgment. The court held that the two defendants should be required jointly to pay only one-half of the judgment. In the opinion, the court said (at p. 367): "To divide the amount of the judgments among the number of defendants in the case at bar also would work injustice. The negligence was passive, not active. The liability arose out of the ownership of the houses. Under such circumstances it is inequitable to saddle the owners of one house with two-thirds of the judgment and allow the owner of the other house to escape with payment of only one-third. The unfairness of such a decision becomes more evident if we consider a hypo-

thetical case. Suppose one of the houses was owned by nine persons. Should these owners of one house be required to pay ninety per cent. of the judgment while the owner of the other house pays only ten per cent?" To the same effect see also Parker v. Rodgers, 125 Pa. Super. 48 (189 Atl. 693). These rulings are sound, and should be followed in this case. Though a partnership as a strictly legal proposition may not be a legal entity, for many purposes, such as taxation, attachment, licensing, garnishment, and enforcement of judgments against partnership property (Code §§ 39-117, 46-104, 75-314, 75-315, 8-110), it is treated as a legal entity. The obligation of one joint tortfeasor to contribute his share to the satisfaction of a judgment against him and others jointly liable is based upon the equitable principle that burdens equally imposed should be equally shared. The parties are in equity, and one of its maxims is that equality is equity. Anderson and Mrs. McGriff were sued in their capacities as partners doing business under a trade name, for the negligence of one of the servants of the partnership while working for the partnership. Neither of these defendants was charged with active negligence, and their negligence was derivative upon the basis of the negligence of the partnership's servant, and that he was the agent of the two individuals doing business under a trade name. It would be unjust and inequitable to prorate the amount required to satisfy the judgment according to the number of members of the partnership. Since it is alleged that these two defendants have contributed one-third of the amount of the judgment, the plaintiff—assuming Lowe to be solvent—was not entitled to have the partners contribute on the basis of one-fourth each, and the trial judge did not err in sustaining the general demurrers of Anderson and Mrs. McGriff and in dismissing the petition as to them.

*Judgment affirmed.   All the Justices concur.*