## IN THE MATTER OF RULES 7 AND 9 OF THE RULES OF PROCEDURE OF THE ARKANSAS JUDICIAL DISCIPLINE AND DISABILITY COMMISSION

790 S.W.2d 143
Supreme Court of Arkansas
Delivered May 14, 1990

PER CURIAM. Our *per curiam* order of May 8, 1989, "In the Matter of Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission," promulgated rules of procedure for the Commission. Rule 7. provided that the Commission would make no disclosure of information under the provisions of Act 637 of 1989 "except in accordance with procedures approved by the Supreme Court and upon reasonable notice to any judge concerned."

Section 2.(g) of Act 637 provided some basic rules with respect to disclosure. Those rules were apparently taken from the "Model Rules for Judicial Discipline and Disability Retirement" published in 1979 by the American Bar Association. Before quoting those rules as the ones to be "approved by" this court, we wanted a thorough study of the rules of other states so that we might reach an independent determination of the conditions under which disclosure of the Commission's business should and should not be made. The Administrative Office of the Courts undertook such a study. The report we received was compiled after looking at the laws in all other states. That exhaustive study and report plus our own study of relevant case law and authoritative articles on this subject were used to reach the results set out in this *per curiam* order.

When adopting and implementing laws and rules that provide for a judicial discipline system, we are confronted with

the issue as to when in the process or proceedings does the right to constitutional access attach. Every state in the Union recognizes that some confidentiality is necessary, and from our research, we have found that all states, except the State of Washington, provide for disclosure in all judicial discipline cases only after probable cause has been determined *and* some type of formal hearing or charge has been completed or filed. *See* J. Shaman and Y. Beque, *Silence Isn't Always Golden*, 58 Temp. L.Q. 755, 756 (1985).[1] The Supreme Court in *Landmark Communities, Inc.* v. *Virginia*, 435 U.S. 829 (1978), set out the three reasons or functions for confidentiality in these matters. They are listed as follows:

> 1. To protect complainants and witnesses from possible recrimination until the validity of the complaint has been ascertained;

> 2. To protect a judge's reputation from the adverse publicity which might flow from frivolous complaints;

> 3. To maintain confidence in the judicial system by preventing the premature disclosure of a complaint before the commission has determined that the charge is well-founded. *See also First Amendment Coalition* v. *Judicial Inquiry & Review*, 784 F.2d 467 (3rd Cir. 1986); W. Braithwaite, *Who Judges the Judges?*, 161-162 (1971); Buckley, *The Commission on Judicial Qualification: An Attempt to Deal with Judicial Misconduct*, 3 U. San Fran. L. Rev. 244 (1969).

When considering the conduct and treatment of governmental officers, the reality is that only judges are subjected to such disciplinary procedures, *see First Amendment Coalition*, 784 F.2d at 447, and the most worrisome concern evidenced in recent years has been how to balance the state's concerns (as listed above in the *Landmark* decision) against those of public disclosure. We have considered these concerns, and have concluded that the disclosure provisions recently adopted by the State of Washing-

---

[1] This article includes a list of states and notes when their respective law provides for confidentiality to cease. We should mention that these points of access have changed in some of the listed states since the article was written, and we particularly note Washington State is one of the changes.

ton maintain a more open system of judicial discipline. At the same time, we believe Washington's rules acknowledge the vital and substantial interests of the state. *See* W.A.C. 292-08-050 (1990).

We first considered the ABA Model Rules for Judicial Discipline and Disability Retirement, since they have been adopted in a number of states. However, under those Model Rules, a commission has the wide discretion to reprimand a judge in private even though it determines probable cause exists that a judge has violated the Code of Judicial Conduct or has been guilty of some other form of judicial misconduct. While such misconduct, under the Model Rules, is not disclosed to the general public, a commission may disclose information concerning a judge to a state or federal agency connected with the selection or appointment of judges. Of course, in Arkansas, judges are elected by the people. Thus, the question arises as to whether a commission's probable cause determination of a judge's misconduct should be disclosed to the people, since they, in a sense, are the "appointing authority" in this state. Common sense and logic suggest such information should be made public when probable cause is determined.

Although we adopt a procedure that omits private reprimands, we still are left with a judicial discipline system that maintains confidentiality during the investigative period, which is when the judge, witnesses and complaining parties require confidentiality the most. In reaching this result, we must vary somewhat the Commission's existing confidentiality provisions which are essentially those set out in the ABA Model Rules and adopted by our General Assembly. Section 2.(g) of Act 637.

First, we have decided to alter our May 8, 1989, order to do away with the "private reprimand." Second, we have decided that anytime the Commission takes official action with respect to a complaint about a judge the matter should be open to public knowledge. If the Commission decides on action short of the filing of formal charges against a judge its letter to the judge containing an admonition or suggested adjustment shall be open to public inquiry. The letter shall contain all material facts relating to the proceeding and the conduct of the judge as well as any admonition or adjustment, including any terms and conditions, imposed by the Commission. We have thus removed the confidentiality provisions with respect to actions taken which fall short of the

filing of formal charges. Records of the Commission's investigations leading to an admonition or adjustment will remain confidential, absent waiver by the judge or one of the other exceptions stated in Rule 7., but the action taken by the Commission will not.

Rules 7. and 9.C. and E. of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission, published by *per curiam* order of May 8, 1989, are hereby revised to read as follows:

## RULE 7. DISCLOSURE

A. Any action taken by the Commission after investigation of a judge shall be communicated to the judge by letter which shall become public information. If the allegations leading to the investigation have proven to be groundless, the letter to the judge shall so state. [See Rule 8.B. and Rule 9.E.(1)] If the Commission decides not to proceed to formal charges but to admonish the judge, to recommend a change in conduct, or to impose conditions upon future conduct, such as obtaining treatment or counseling, the letter shall set forth the facts leading to the admonition or required adjustment.

B. If the Commission finds it necessary to file formal charges against a judge and to proceed to a hearing, the charges and the hearing shall be open to the public as shall the records of formal proceedings. The Commission may, however, conduct its deliberations in executive session which shall not be open to the public. Any decision reached by the Commission in such an executive session shall be announced in a session open to the public.

C. Investigatory records, files, and reports of the Commission shall be confidential, and no disclosure of information, written, recorded, or oral, received or developed by the Commission in the course of an investigation relating to alleged misconduct or disability of a judge, shall be made except as stated in A. and B. above or as follows:

(1) Upon waiver in writing by the judge under consideration at any stage of the proceedings;

(2) Upon inquiry by an appointing authority or by a state or federal agency conducting investigations on behalf of such authority in connection with the selection or appointment of judges;

(3) In cases in which the subject matter or the fact of the filing of charges has become public, if deemed appropriate by the Commission, it may issue a statement in order to confirm the pendency of the investigation, to clarify the procedural aspects of the proceedings, to explain the right of the judge to a fair hearing, and to state that the judge denies the allegations;

(4) Upon inquiry in connection with the assignment or recall of a retired judge to judicial duties, by or on behalf of the assigning authority; or

(5) Where the circumstances necessitating the initiation of an inquiry include notoriety, or where the conduct in question is a matter of public record, information concerning the lack of cause to proceed shall be released by the Commission.

D. It shall be the duty of the Commission and its staff to inform every person who appears before the Commission or who obtains information about the Commission's work of the confidentiality requirements of this rule.

E. Any person who violates the confidentiality requirements of this rule shall be subject to punishment for contempt of the Arkansas Supreme Court.

Rule 9.C. is revised to read as follows:

C. *Probable Cause Determination.* The Commission shall promptly schedule and hold a formal meeting at which the strict rules of evidence need not be observed. A complete verbatim record shall be made. All witnesses shall be duly sworn. A complainant and the judge against whom he has complained shall have the right to be present, with their attorneys, if any, except during Commission deliberations.

Rule 9.E. is revised to read as follows:

E. *Disposition.* In its report the Commission shall dispose of the case in one of the following ways:

(1) If it finds that there has been no misconduct, the director shall be instructed to send the judge and each complainant notice of dismissal.

(2) If it finds, by concurrence of a majority of members

present, that there has been conduct that is or might be or might become cause for discipline but for which an admonition or informal adjustment is appropriate, it may so inform or admonish the judge, direct professional treatment, counseling, or assistance for the judge, or impose conditions on the judge's future conduct.

(3) If it finds, by concurrence of a majority of members present, that there is probable cause to believe that there has been misconduct of a nature requiring a formal disciplinary proceeding, the director shall cause the judge to be served with the report, the formal statement of the charges, the record of the probable cause determination, and all documents upon which the determination was based. The service upon the judge constitutes notice that he must respond within (20) days.