GANNETT RIVER STATES PUBLISHING COMPANY
*v.* ARKANSAS JUDICIAL DISCIPLINE AND
DISABILITY COMMISSION

90-231                                                      801 S.W.2d 292

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*Rose Law Firm, A Professional Association*, by: *Phillip Carroll*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. On May 14, 1990, this court adopted rules of confidentiality applicable to the Arkansas Judicial Discipline and Disability Commission. *In the Matter of Rules 7 and 9 of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission*, 302 Ark. 633, 790 S.W.2d 143 (1990). The commission had been operating under our order of May 8, 1989, *In the Matter of Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission*, 298 Ark. 654, 770 S.W.2d 116 (1989), and Act 637 of 1989. The 1990 order permitted greater disclosure, and the appellant, Gannett River States Publishing Company, sought disclosure, in accordance with the new rules, of commission actions which occurred before the new rules came into effect and which would have been protected from disclosure under the old rules and statute. The commission declined to furnish the information sought, and Gannett filed its claim pursuant to the Freedom of Information Act. Ark. Code Ann. §§ 25-19-101 through 25-19-107 (1987 and Supp. 1989).

The circuit court held in favor of the commission, concluding its opinion as follows:

Although the Supreme Court has now redefined the

point at which a constitutional right of access should be recognized, it is this Court's opinion that the Supreme Court did not intend and certainly did not clearly express an intention that its revised rules would disturb Commission actions taken in reliance on the earlier rules, or the judges' interest in continued confidentiality of such actions. The revised rules giving full access accomplish a substantive change in Commission proceedings, with respect to both participants and the public, and should be given prospective operation only.

The Court further determines that the confidentiality provisions of the Supreme Court's opinion of May 8, 1989, constituted a specific exception to the Arkansas Freedom of Information Act (FOIA), and that plaintiff [Gannett] therefore has no right of access to the records in issue under the FOIA.

We affirm the judgment.

The commission was created by Ark. Const. amend. 66. Section (f) of the amendment gave this court the duty of making procedural rules implementing the amendment. By Act 637 of 1989, § 9, the general assembly provided: "The Arkansas Supreme Court shall adopt rules with regard to all matters of commission operations and all disciplinary and disability proceedings and promulgate rules of procedure." Ark. Code Ann. § 16-10-405 (Supp. 1989). Section 2.(g)(2) of Act 637 provided, in part: "All proceedings held prior to a determination of probable cause and the filing of formal charges shall be confidential." Our order of May 8, 1989, promulgating procedural rules for the commission contained the following as Rule 7.: "No disclosure by the Commission, to be made pursuant to section 2.(g) of Act 637 of 1989, shall be permitted except in accordance with procedures approved by the Supreme Court and upon reasonable notice to any judge concerned." It is clear that prior to our revision of the rules by our order of May 14, 1990, disclosure of "proceedings held prior to a determination of probable cause and filing of formal charges" were to be held confidential.

In our order of May 14, 1990, we did away with the "private reprimand" remedy which was previously available to the commission as a sanction to impose upon judges. In the new Rule 7. we

provided for confidentiality of commission investigations and deliberations with respect to the conduct of judges, but in addition to declaring that any formal charges and formal proceedings would be open to the public, as well as the record of such a proceeding, we provided that "[a]ny action taken by the Commission after investigation of a judge shall be communicated to the judge by letter which shall become public information."

The ultimate issue in this case is whether the information sought is excepted from that which must be released under the FOIA by virtue of Ark. Code Ann. § 25-19-105(b)(8) (Supp. 1989) because it consists of "[d]ocuments which are protected from disclosure by . . . rule of court." Resolution of that issue depends on whether the new rule applies to information compiled before the rule went into effect. If not, then the information which would not have been subject to disclosure prior to the adoption of the change remains that way.

### 1. Our intent (subjective)

Gannett's first argument is that the intent of our May 14, 1990, order was to make all actions taken by the commission open to public disclosure even though the proceedings had taken place prior to the change in the rules. We are invited simply to say whether we intended the new rule on confidentiality to be retrospective or not. While Gannett cites no authority which would permit us to follow that course, we probably could do so. That, however, has been suggested by the leading treatise on statutory construction as "not . . . the course of legal history." Rules of court are not interpreted by having the court say what the law "is." Courts construe them using the same means, including canons of construction, as are used to construe statutes. N. Singer, 3A *Sutherland Statutory Construction*, § 67.10 (4th ed. 1986).

### 2. Retroactivity

Gannett contends there may be no issue of retroactivity here because the documents they seek exist, and the question is whether they are entitled to them now rather than whether they were entitled to them before we changed the confidentiality provision. We do not agree with that contention. A judge who may have been investigated and cleared of wrongdoing or

privately reprimanded prior to the change in the rule had a right under the former Rule 7. and Act 637 not to have the commission's action disclosed. Only by applying the current Rule 7. can it be said that disclosure must be made.

The adjective "retroactive" has several definitions, one of which is simply that which acts upon a thing which is past. *See Black's Law Dictionary*, p. 1184 (5th ed. 1979), definition of "retroactive law," citing *Aetna Ins. Co.* v. *Richardelle*, 528 S.W.2d 280, 284 (Tex. Civ. App. 1975).

Another definition of "retroactive law" is one which has the effect of disturbing a vested right. *See Harrison* v. *Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962); *State* v. *Kansas City & M. Ry. & B. Co.*, 117 Ark. 606, 174 S.W.248 (1915); *William Bros. Lumber Co.* v. *Anderson*, 210 Ga. 198, 78 S.E.2d 612 (1953); *Pepin* v. *Beaulieu*, 151 A.2d 230 (N.H. 1959); *Silver King Coalition Mines Co.* v. *Industrial Comm'n.*, 2 Utah 2d 1, 268 P.2d 689 (1954).

To declare that the records held by the commission of its actions which were protected under the former rule are to be released under the new rule would have an effect on antecedent rights of those judges who may have been investigated and cleared or reprimanded under the assumption that the nondisclosure rule applied. That would be retroactive application under either definition.

### 3. Our intent (objective)

We have recognized "[t]he established rule . . . that all statutes are to be construed as having only a prospective operation, unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used." *State* v. *Kansas City & M. Ry. & B. Co., supra*. The rule of prospectivity applies unless the intent that the law be retroactive "be the unequivocal and inflexible import of the terms and the manifest intention of the legislature." *United States* v. *Security Industrial Bank*, 459 U.S. 70 (1982). As stated above, court rules are to be applied in the same manner.

Nothing in the new Rule 7. suggests in any way that its application will be retroactive. Applying the general rule of

prospectivity which governs interpretation of statutes, we conclude that the application of the May 14, 1990, version of Rule 7. is prospective, and thus the commission is not required to divulge its actions prior to that time which were protected under the former rule and statute.

Affirmed.

GLAZE, J., concurs.

HAYS, J., dissents.

TOM GLAZE, Justice, concurring. I concur. Our May 14, 1990 order, amending Rule 7, was a remedial, procedural change that did away with the Commission's power to impose a private reprimand against a judge. In place of the private reprimand remedy, the rule provided that, when the Commission takes any official action with respect to a complaint about a judge, the matter shall become public information. Neither of these two procedural rules vested a right to a particular remedy in any judge or, for that matter, in anyone else. However, judges were afforded different procedures or remedies, one private and the second public, depending on whether their cases were filed before or after May 14, 1990. In this connection, the new Rule 7 supplies what we determined to be a more appropriate remedy when the Commission investigates and acts with respect to existing rights or obligations concerning allegations of misconduct of a judge. Of course, that misconduct may have occurred prior to May 14, 1990, but, being procedural, the new rule applies only to those cases filed after it became effective. *See Harrison* v. *Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962). However, cases that had been filed with the Commission prior to the May 14, 1990 procedural change are controlled by the old Rule 7 and its private reprimand remedy.

Here appellant seeks application of the new Rule 7 procedure to cases filed prior to the new Rule's effective date. The court simply is unable to make such an application and therefore must deny the appellant's request.